QUESTIONS:
1. Does the Sunshine Law apply to a quasi-judicial hearing or a meeting of the Florida Board of Dentistry, the subject matter of which is an investigatory inquiry?
2. Does the Board of Dentistry have to make available the transcript as a public document?
3. Questions 1 and 2 notwithstanding, what powers or ability does a legislative committee have in gaining access to the recorded transcript of the meeting?
SUMMARY:
The Sunshine Law applies to a quasi-judicial hearing or meeting of the Florida Board of Dentistry or to any investigatory proceeding authorized by and under the direction of the board. An individual member of the board or a member and the board's executive director who conduct such hearing, meeting, or investigatory proceeding on behalf of the entire board are required to hold it in the sunshine.
The transcript of testimony or evidence taken in any such hearing or investigatory proceeding is a public record under s. 119.01, F. S.
A standing or select committee or subcommittee of the legislature is empowered by statute to review the work of state agencies coming within its jurisdiction, request any report of such agency on its operations, inspect and investigate the agency's records, and subpoena the production of any documentary evidence it may desire to review.
AS TO QUESTION 1:
The Sunshine Law, s. 286.011, F.S., states in part that
"All meetings of any board or commission of any state agency or authority. . . except as otherwise provided in the constitution at which official acts are to be taken are declared to be public meetings open to the public at all times . . . ."
There is no question but that the Board of Dentistry comes under the purview of this law. ". . . [T]he Florida state board of dentistry . . . is hereby continued as the agency of the state for the regulation of the practice of dentistry. . . ." Section 466.06, F.S. The Florida Supreme Court has held that the Sunshine Law applies to any gathering of members of a board at which the members discuss matters on which foreseeable action will be taken by the board. Board of Education of Broward County v. Doran,224 So.2d 693 (Fla. 1969); City of Miami Beach v. Berns, 245 So.2d 38
(Fla. 1971). The Board of Dentistry has the power by statute to hold hearings, revoke or suspend licenses or certificates and investigate any violation of Ch. 466, F.S. Therefore, even though a final determination is to be taken at a future time, any meeting or gathering of board members (two or more) during which matters pertaining to the functions, responsibilities, or duties of the board are discussed must meet the requirements of the Sunshine Law.
The only exceptions to the Sunshine Law are constitutional exceptions. The only court case in which a constitutional exception has been found is Bassett v. Braddock, 262 So.2d 425
(Fla. 1972), which concerned the right of a school board to instruct and consult with its labor negotiators in private because of Art. I, s. 6 of the Constitution which guarantees collective bargaining for employees.
The question now presented is whether there is any constitutional exception on the Sunshine Law for a meeting which takes the form of a hearing or an investigation. I am aware of no provision in the Constitution which would provide such an exception. The Supreme Court in Miami Beach v. Berns, supra, said that the authorization of secret meetings for discussions of condemnation matters, personnel matters, pending litigation, privileged matters, or any other matter relating to the board's business "is the concern of the Florida Legislature and unless the Legislature amends Fla. Stat. s. 286.011, F.S.A., it should be construed as containing no exceptions." In addition, it has been held that the Sunshine Law applies to boards acting in a quasi-judicial capacity. Canney v. Board of Public Instruction of Alachua County,278 So.2d 260 (Fla. 1973). A meeting involving alleged violations of laws or regulations is under the Sunshine Law. Canney v. Board of Public Instruction, supra. A public agency may not read exceptions into the Sunshine Law, nor is it allowed to circumvent the plain provisions of the statutes. Canney v. Board of Public Instruction, supra.
Based on the above authorities, it must be held that any meeting of two or more Board of Dentistry members, which meeting takes the form of an investigation or quasi-judicial hearing, must be open to the public under the Sunshine Law.
Another question presented in your letter is whether the law applies to an investigatory proceeding authorized by and under the direction of the Board of Dentistry when a single member of the board or a single member and the executive director conduct the hearing or investigation. The Board of Dentistry has the power to hold hearings and conduct investigations. As provided in s. 466.08, F.S.:
"The board shall exercise, subject to the provisions of this chapter, the following powers and duties: * * * * * (5) Conduct hearings on proceedings to revoke or suspend, and revoke or suspend, a license, license certificate, renewal certificate or dental laboratory registration certificate granted under the authority of this chapter or previous laws, when evidence has been presented showing violation of any of the provisions of this chapter. . . ." (Emphasis supplied.)
The purpose of this section is to grant various powers and duties, not to an individual member, but to the board as a whole.
Under s. 466.11, F.S.:
"Any board member or its executive director shall have the power to administer oaths, take affirmations of witnesses, issue subpoenas and send for persons or papers, and to compel the attendance of witnesses, the production of all necessary papers, books, records, documentary evidence and materials, in any hearing, investigation, accusation or other matter coming before the board. . . . If any person refuses to obey any subpoena, process or order issued by the board, the said board may certify this fact to the circuit court . . . ." (Emphasis supplied.)
This language indicates that although an individual board member or the executive director may issue subpoenas, administer oaths, etc., he is in fact exercising this authority on behalf of the board. A subpoena issued by a single member is issued for the board the same as where a clerk issues a subpoena for the court. The statute itself recognizes that any order is, in fact, "issued by the board." Section 466.11 does not, however, empower a single board member to hold a meeting or hearing or to conduct an investigatory proceeding.
Section 466.08(1), F.S., allows the board to appoint an executive director provided that "all duties and responsibilities delegated to the executive director . . . shall be performed by the executive director under the direction and authorization of the board." (Emphasis supplied.)
Based on the language of the above sections of Ch. 466, F.S., it is apparent that although individual members of the board and the executive director have been given authority to perform various acts, it is the board as a whole which has the power to hold an investigatory inquiry or hearing. If the board's power in this regard is delegated to one member or to the director, then that individual acts in place of the entire board. It is axiomatic that public officials cannot do indirectly what they are prevented from doing directly.
"Those to whom public officials delegate de facto authority to act on their behalf in the formulation, preparation and promulgation of plans [or, in this case, of information] on which foreseeable action will be taken by such public officials stand in the shoes of such public officials insofar as the application of the Government in the Sunshine Law is concerned."
I.D.S. Properties v. Town of Palm Beach, 279 So.2d 353 (4 D.C.A. Fla., 1973). See also Jones v. Tanzler, 238 So.2d 41 (Fla. 1970) (Adkins J., concurring). In the case of a hearing or investigatory proceeding authorized or directed by the board, the member conducting it acts on behalf of the board. The result of such hearing — information and testimony gathered — will be acted upon by the entire board in its determination of whether there has been a violation of Ch. 466 or whether a license or certificate should be revoked. "The Sunshine Law does not provide for any `government by delegation' exception; a public body cannot escape the application of the Sunshine Law by undertaking to delegate the conduct of public business through an alter ego." I.D.S., supra. Therefore, if a board is required to meet openly under the Sunshine Law, an individual acting on behalf of the entire board must also conduct the meeting in the sunshine.
AS TO QUESTION 2:
The Public Records Law, s. 119.01, F.S., requires state, county, and municipal records to be open for inspection by any citizen of Florida. "Public records" means
". . . all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." [Section 119.011(1), F.S.]
Since the Board of Dentistry is authorized by statute to "conduct hearings or proceedings to revoke or suspend" a license or certificate granted under Ch. 466, F.S., s. 466.08(5); "compel the attendance of witnesses, the production of all necessary papers, books, records, documentary evidence and materials, in any hearing, investigation, accusation or other matter coming before the board," s. 466.11; "assist prosecuting officers in the enforcement of [Ch. 466]" and "enforce any of the provisions of [Ch. 466]," s. 466.33(2), it must be concluded that the transcript of testimony or evidence taken in an investigation no matter what the form — whether stenographic notes, tape recordings, or handwritten or typed statements — is made "pursuant to law or ordinance" and "in connection with the transaction of official business." See Caswell v. Manhattan Fire Marine Ins. Co.,399 F.2d 417 (5th Cir. 1968), holding the investigative reports of the State Fire Marshal subject to the Public Records Law.
Any such transcript is, therefore, a public record and open to the inspection of any Florida citizen. Although the Public Records Law does provide for certain exceptions, s. 119.07, F.S., there appears to be no such exception in the Florida Statutes for the records of an investigation or investigative reports of the Board of Dentistry. (Cf. s. 46.14(2), F.S., which provides for limited access and inspection of examination papers, and s. 466.28(1), F. S., authorizing the secretary-treasurer or executive director to furnish any person entitled thereto copies of nonconfidential records.)
AS TO QUESTION 3:
Section 11.143(1), F.S., authorizes each standing or select committee or subcommittee of the Florida Legislature to "maintain a continuous review of the work of the state agencies concerned with its subject area and the performance of the functions of government within each such subject area." In order to perform this function, such committee may request reports from the state agency concerning its operations. Under s. 11.143(2), F.S., each committee may "inspect and investigate the books, records, papers, documents, data [and] operation" of any state agency. In addition s. 11.143(3)(b), F.S., empowers these committees to "compel by subpoena duces tecum the production of any books, letters, or other documentary evidence it may desire to examine in reference to any matter before it." Therefore, if a matter relating to the Board of Dentistry is before a standing or select committee or subcommittee of the legislature concerned with such subject area, the transcript of the investigation or any investigative report or the minutes of any inquiry or meeting of the board or any committee thereof may be reviewed by the legislative committee.