Mr. Charles F. Schoech County Attorney Palm Beach County Post Office Box 1989 West Palm Beach, Florida 33402
Dear Mr. Schoech:
This is in response to your request for an opinion on substantially the following question:
 ARE THE ACTIVITIES OF A PRIVATE NONPROFIT CORPORATION PROVIDING TECHNICAL ASSISTANCE TO PALM BEACH COUNTY IN THE RECODIFICATION AND AMENDMENT OF THE COUNTY'S ZONING CODE SUBJECT TO THE GOVERNMENT IN THE SUNSHINE LAW?
According to your letter, Palm Beach County is considering accepting a gift of technical services from the council of 100, a private nonprofit corporation. The Council would independently organize and pay for the recodification and illustration of the county's existing zoning code and the preparation of draft amendments to the code. You state, however, that the county does not wish to jeopardize any work product produced by this effort through any inadvertent violation of s 286.011, F.S., and you therefore inquire whether the meetings held by the committee appointed by the nonprofit organization to perform such functions would be subject to the Government in the Sunshine Law.
The Florida Government in the Sunshine Law, s 286.011, F.S., provides:
 All meetings of any board or commission . . . of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
The courts of this state have repeatedly stated that it is the entire decision-making process to which the Sunshine Law applies and not merely to a formal assemblage of a public body at which voting to ratify an official decision is carried out; thus, the statute extends to discussions and deliberations as well as to formal action taken by a public body. See, Board of Public Instruction of Broward County v. Doran, 224 So.2d 693, 699
(Fla. 1969), in which the court recognized the right of the public to be present and heard during all phases of enactments by public boards and commissioners; Krause v. Reno, 366 So.2d 1244 (3 D.C.A. Fla., 1979). And see, Times Publishing Co. v. Williams,222 So.2d 470, 473 (2 D.C.A. Fla., 1969), stating:
 [I]t is the entire decision-making process that the legislature intended to affect by the enactment of the statute before us . . . . Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an "official act," an indispensable requisite to "formal action," within the meaning of the act.
Accordingly, the law is applicable to any gathering where two or more members of a public board or commission discuss some matter on which foreseeable action will be taken by the board or commission.
In determining what entities are covered by the Sunshine Law, the courts have stated that the Legislature intended to extend the application of the Sunshine so as to bind "every `board or commission' of the state or of any county or political subdivision over which it has dominion and control." See, Times Publishing Co. v. Williams, supra; City of Miami Beach v. Berns, 245 So.2d 38
(Fla. 1971). Ad hoc advisory committees whose powers are limited to making recommendations to a public agency and which possess no authority to bind said agencies in any way whatsoever have been held to be subject to the Sunshine Law due in part to the role such advisory committees play in the decision-making process.
In Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974), the Florida Supreme Court considered whether a citizens' planning commission, appointed by the city to meet with a planning firm retained to draw up a plan to revise local zoning ordinances, was subject to the Government in the Sunshine Law. The plan as drafted by the firm under the guidance of the citizens' committee was adopted by the city at a public meeting. Though this meeting complied with the Sunshine Law, the court held the city council's actions invalid because part of the drafting of the plan influenced by the input of the citizens' committee was conducted outside of the sunshine. The court thus concluded that an advisory board or committee appointed by a governmental body to make recommendations to the decision-making authority and deliberating on matters upon which foreseeable action will be taken, must meet in the sunshine.
In so holding, the court construed the scope of s 286.011 to include the "inquiry and discussion stages" of meetings of public bodies and held that an advisory lay group of citizens, serving part time as the alter egos of the town council to make tentative decisions guiding the zoning planners and to whom much of the administrative and legislative decisional zoning formulation authority, ordinarily exercised by the governing body of a city, had been delegated, served as an arm of the town council and was therefore a board or commission subject to s 286.011. And see, IDS Properties, Inc. v. Town of Palm Beach, 279 So.2d 353 (3 D.C.A. Fla., 1973), wherein the court held that there was no government by delegation exception to s 286.011 and that a public body could not escape the application of the Sunshine Law by undertaking to delegate the conduct of public business through the use of an alter ego:
 It is axiomatic that public officials cannot do indirectly what they are prevented from doing directly. Those to whom public officials delegate de facto authority to act on their behalf in the formulation, preparation and promulgation of plans on which foreseeable action will be taken by such public officials stand in the shoes of such public officials insofar as the application of the Government in the Sunshine Law is concerned. 279 So.2d at 356.
While the Legislature has "no right to require meetings of civic organizations, unconnected with municipal government, to conform to the government in the sunshine law," Town of Palm Beach v. Gradison, supra at 476, I cannot state that the committee or team appointed to study the county's zoning code in the instant inquiry is "unconnected with municipal government." Although not appointed by the board of county commissioners (the nonprofit corporation will select the members of the group), the committee or study group would appear to have been impliedly delegated by the county commission the authority to act on its behalf in examining, recodifying and proposing amendments to the zoning code. While the instant case is distinguishable from Town of Palm Beach v. Gradison, supra, in that in the instant case the authority to select the members of the study group has been delegated to the Council of 100, I cannot state that such distinction will serve to exempt the committee from the requirements of the Sunshine Law. See, AGO 77-43 wherein this office concluded that a committee selected by a county bar association at the request of and pursuant to delegated authority by a district school board to screen applicants for the position of school board attorney and to make recommendations to the school board for its consideration in the appointment of a school district attorney was subject to s286.011. The study group will apparently report to the board of county commissioners which will utilize and act upon the group's recommendations in adopting a new zoning code for the county. The actions of this group would therefore appear to play a significant part in the decision-making process of the county commission in adopting a new zoning code. Moreover, the courts of this state have generally held that if there is a question as to whether a meeting is subject to the Government in the Sunshine Law, it is advisable to comply with the requirements of the statute, see, e.g., City of Miami Beach v. Berns, supra; Town of Palm Beach v. Gradison, supra. By accepting the Council of 100's offer, the county commission has in effect delegated to the council and to the committee it appoints the authority to act on the county commission's behalf in the formulation, preparation and promulgation of plans on which foreseeable action will be taken by the county commission. The council and the committee thus stand in the shoes of the county commission insofar as s 286.011 is concerned. To conclude otherwise would permit a significant exception to the Government in the Sunshine Law to exist. A public board or commission cannot avoid compliance with the Sunshine Law by utilizing the efforts of an advisory lay group of citizens to perform its functions and duties.
Accordingly, I am of the opinion until and unless judicially or legislatively determined otherwise that upon the acceptance by a county of an offer of a gift of technical services by a private nonprofit corporation, any meetings of a nongovernmental committee appointed by the private nonprofit corporation to gratuitously provide technical assistance to a board of county commissioners in the recodification and amendment of that county's zoning code should meet in the sunshine as required by s 286.011, F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Joslyn Wilson, Assistant Attorney General