Mr. Richard Kane City Attorney City of Hallandale 308 South Dixie Highway Hallandale, Florida 33009 Attention: Mr. Alan E. Fallik Assistant City Attorney
Dear Mr. Kane:
This is in response to your request for an opinion asking substantially the following question:
 ARE MEETINGS BETWEEN REPRESENTATIVES OF A PRIVATE ORGANIZATION AND A CITY COMMISSIONER APPOINTED BY THE CITY COMMISSION TO MEET WITH SUCH REPRESENTATIVES FOR THE PURPOSE OF PROPOSING A REFERENDUM FOR CITY COMMISSION CONSIDERATION CONCERNING THE CONSTRUCTION AND FUNDING OF A CULTURAL CENTER AND PERFORMING ARTS THEATER AND RELATED MATTERS SUBJECT TO THE GOVERNMENT IN THE SUNSHINE LAW?
According to your letter, the City Commission of the City of Hallandale has passed a motion that the commission appoint a commissioner to meet with a group representing Hallandale Cultural Arts, Inc., a private nonprofit corporation dedicated to the creation of a cultural center and performing arts theater, for the purpose of proposing a referendum for commission consideration. Although the motion contained no specifics, it is understood that a referendum may provide for issuance of bonds, donation of land by the city, and other subjects related to construction and funding of a cultural center and performing arts theater. You request that I assume that no other commissioner or commissioners would attend any meetings between the delegate commissioner and the representatives of Hallandale Cultural Arts, Inc., regarding such referendum proposal. You further specify that the commissioner so appointed would have no authority to bind the city and that subsequent commission consideration of any referendum proposal resulting from subject meetings would be full and independent. You therefore inquire whether the meetings prescribed by the commission's motion are subject to s 286.011, F.S., the Government in the Sunshine Law.
Florida's Government in the Sunshine Law, s 286.011, F.S., provides in pertinent part:
 All meetings of any board or commission . . . of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
Courts in this state have construed the Sunshine Law as requiring that all phases of the decision-making process be conducted pursuant to its mandate. See, e.g., Board of Public Instruction of Broward County v. Doran, 224 So.2d 693, 699 (Fla. 1969), stating:
 One purpose of the Sunshine Law was to maintain the faith of the public in government agencies. Regardless of their good intentions, these specified boards and commissions, through devious ways, should not be allowed to deprive the public of this inalienable right to be present and to be heard at all deliberations wherein decisions affecting the public are made.
As the court in Times Publishing Co. v. Williams, 222 So.2d 470,473 (2 D.C.A. Fla., 1969) stated, "Every step in the decision-making process . . . constitutes an `official act,' an indispensable requisite to `formal action,' within the meaning of the act."
Ad hoc advisory committees with powers limited to making recommendations to a public agency and with no authority to bind the agency have been held subject to the Sunshine Law. Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974), wherein the court determined that a lay group of citizens appointed by the town council to meet with a planning firm retained by the city to guide the planners in drafting an updated and revised version of the town zoning plan were the "alter egos" of the councilmen inasmuch as the committee was charged with aiding professional planners contracted to prepare the town's comprehensive plan. The plan was held invalid because the lay committee did not comply with the requirements of s 286.011, F.S., while helping to formulate the plan, even though the town council and its separate zoning commission later held public hearings and voted to approve the plan at meetings held "in the sunshine." Further, the lower court decision approved in Gradison stated, "The Sunshine Law does not provide for any `government by delegation' exception; a public body cannot escape the application of the Sunshine Law by undertaking to delegate the conduct of public business through an alter ego." IDS Properties, Inc. v. Town of Palm Beach,279 So.2d 353, 359 (4 D.C.A. Fla., 1973). See also, AGO 83-95, holding s286.011 applicable to the meetings of a private nonprofit corporation on a county's acceptance of the corporation's gratuitous offer of technical assistance in the recodification and amendment of the county's zoning code.
Generally the courts have been unwilling to read into the statute any exceptions. In City of Miami Beach v. Berns, 245 So.2d 38, 41
(Fla. 1971), Justice Adkins wrote for the court, "It is the law's intent that any meeting, relating to any matter on which foreseeable action will be taken, occur openly and publicly." Cf., Wood v. Marston, 442 So.2d 934 (Fla. 1983), wherein the Supreme Court reversed a district court holding that a faculty search committee charged with screening applications for the position of dean at the University of Florida College of Law was outside the ambit of the statute where the committee's recommendations were subject to a vote of the law faculty as a committee of the whole and to the review and approval of any faculty action by the university president. The court noted that previous decisions corectly focused on the `nature of the act performed, not . . . the make-up of the committee or the proximity of the act to the final decision," in determining the applicability of s 286.011. [Emphasis supplied by the court. Id., at 939. See] also, Krause v. Reno, 366 So.2d 1244 (3 D.C.A. Fla., 1979) holding that a lay committee chosen by a city manager designated by law as appointing authority to interview and recommend candidates for chief of police was involved sufficiently in the decision-making process so as to subject the committee to the dictates of s 286.011. The Krause decision was approved by the Supreme Court in Wood v. Marston, supra, at 941.
While it is generally true that individual members of a board or commission are subject to the Government in the Sunshine Law only during a "meeting," a delegate or single member of a board or commission who is authorized or directed or designated by such board to act for and on behalf of, or exercise authority in the name of, the entire board, stands in the place of the entire board and is thereby subject to the provisions of s 286.011, F.S.
 Those to whom public officials delegate de facto authority to act on their behalf in the formulation, preparation and promulgation of plans on which foreseeable action will be taken by such public officials stand in the shoes of such public officials insofar as the application of the Government in the Sunshine Law is concerned. [Emphasis supplied by the court.]
IDS Properties, supra, at 356. See also, AGO 74-84, finding that an individual member of the Florida Board of Dentistry who conducts a hearing or meeting on behalf of the entire board is subject to s 286.011, F.S., and AGO 74-294, concluding that a single member of a board or commission to whom the authority to act on behalf of the board or commission in matters such as the lease of land, etc., has been delegated is subject to the Sunshine Law. But see, Florida STOP, Inc. v. Goodrun, Case No. 80-3775 (10th Cir. Polk Co., 1980), aff'd., Case No. 81-1988 (2 D.C.A. Fla., 1982), in which the district court affirmed a circuit court ruling that s 286.011 is not applicable to a single member of a housing authority appointed to gather information about sites for the authority. To the extent that the commission's motion in the instant case operates to delegate to a particular commissioner the authority to meet with, and discuss and participate in the referendum proposal to be proffered by, the representatives of the private organization for the consideration of the city commission, the above authorities should control the question of applicability of the Sunshine Law. Since it is clear that a delegation of authority to prepare and propose a referendum issue directly to Hallandale Cultural Arts, Inc., would subject that group to the requirements of s 286.011 under the holdings of Gradison, supra, and Krause, supra, and since the instant action of the city commission in effect delegates that authority to a particular commissioner and the representatives of the private organization there appear no distinguishable facts to except the instant case from the mandate of the law.
Accordingly, I am of the opinion until or unless judicially or legislatively determined otherwise that meetings between representatives of a private organization and a city commissioner appointed by the city commission to meet with such representatives for the purpose of proposing a referendum for city commission consideration concerning the construction and funding of a cultural center and performing arts theater and related matters are subject to the requirements of s 286.011, F.S., the Florida Government in the Sunshine Law.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General