Town Attorney Town of Branford Post Office Box 308 Trenton, Florida 32693
Dear Mr. Philman:
This is in response to your request for an opinion on substantially the following question:
 DOES THE FLORIDA GOVERNMENT-IN-THE-SUNSHINE LAW, s 286.011, F.S., APPLY TO MEETINGS OF THE TOWN MAYOR AND INDIVIDUAL MEMBERS OF THE TOWN COUNCIL?
You state that the Town Council of the Town of Branford consists of five voting members. The mayor is not a member of the town council and has no power to vote but may veto an ordinance. A four-fifths vote of the council is required to override the mayor's veto. The question has arisen whether the Government-in-the-Sunshine Law, s 286.011, F.S., applies to conversations relating to town business between the town mayor and a member of the town council.
Section 286.011, F.S., in pertinent part, provides:
 (1) All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
The courts of this state have determined that the Government-in-the-Sunshine Law is applicable to government at the municipal as well as the state and county level. See, City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971). The law is generally applicable to meetings of two or more members of a public board or commission. See, Hough v. Stembridge,278 So.2d 288 (3 D.C.A. Fla., 1973); City of Miami Beach v. Berns, supra. Moreover, the term `meeting' encompasses all informal discussions and deliberations as well as formal action taken by a public body. Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969). Thus, the law is applicable to any conversation between two members of the board or commission which pertains to any matter on which foreseeable action could be taken by the board. Board of Public Instruction of Broward County v. Doran, supra, at 698. You expressly state that the conversation between the mayor and a town council would be relating to town business.
Clearly, where two members of the town council are present during discussion of foreseeable public business, the Sunshine Law is applicable. However, the question of whether the Sunshine Law applies to such business-related conversations between a mayor and individual members of the council turns on the nature of the relationship between the mayor and the town council. Clearly, where the mayor is a full-fledged member of the governing body of the municipality, the law would apply to meetings between the mayor and other members of the governing body where some matter upon which foreseeable action will be taken by the board is discussed. In an informal opinion dated December 13, 1973, this office stated that the Sunshine Law is applicable to meetings between a mayor and one or more councilmen held for the purpose of discussing matters to be brought up at a later public meeting, if the mayor is a member of the council or has a voice in the decisions. See also, AGO 81-88.
In AGO 75-210, this office concluded that since the mayor under the municipal charter had the power to vote in the case of a tie, the Sunshine Law was applicable to conversations between the mayor and mambers of the city council when discussing matters which could come before the entire and members of the city council directly, through his power to break ties. The mayor, however, could discuss matters with city council members which concerned his administrative functions and which would not come before the council for consideration and further action or which involve his executive prerogative to veto any ordinance or resolution. Accord, AGO 83-70 in which this office stated that if some matter falls within the administrative functions of the mayor and would not come before the city council for consideration and further action, discussions between an individual member of the city council and the mayor would not be subject to the Sunshine Law; on the other hand, if the decision to authorize such work would come before the city council for approval, the mayor who possessed the authority to vote in the event of a tie should not confer privately with a member of the city council on such matters.
Under the charter of the Town of Branford, the mayor possesses only the power to veto, not the power to vote or to vote in the event of a tie. The fact that the mayor possesses the power to veto municipal legislation would not appear to make the mayor a member of the town council. For a discussion of the different forms of municipal government, see, 2 McQuillin, MunicipalCorporations s 9.12. In past opinions of this office in which this office concluded that the Sunshine Law was applicable to meetings between the mayor and members of the city council, the mayor, pursuant to the charter, had at least the power to vote in case of a tie. The power to vote then would appear to be the primary factor in determining whether the mayor is to be considered a part of the city council or a separate executive officer. While under the charters of a number of municipalities in Florida the mayor is also a member of the council, under the charter of the Town of Branford, the mayor is a separate executive officer possessing only the power to veto with no power to vote under any circumstances. Therefore, it is my opinion that for purposes of the Sunshine Law the mayor would not be considered a member of the town council to which the law would apply. However, I would hasten to add certain caveats to this conclusion since there may be situations in which the mayor would be subject to s 286.011. If the mayor is acting as a liaison between the members of the town council on matters which will come before the council, the Sunshine Law would be applicable. See, e.g., Blackford v. School Board of Orange County, 375 So.2d 578 (5 D.C.A. Fla., 1979), in which the court held that scheduled successive meetings between the school superintendent and individual members of the school board held in `rapid fire succession' were subject to the Sunshine Law since such seriatim meetings between the individual board members and the superintendent were held to avoid public airing of a controversial redistricting problem. See also, AGO 74-47 (not a violation of the Sunshine Law for a city manager to meet individually with members of the city council to discuss city business provided that he does not act as a liaison for board members by circulating information and thoughts of individual councilmen to the rest of the board).
Additionally, if the mayor or an individual member of the council or both have been delegated the authority to act on behalf of the town council, then the Sunshine Law would be applicable to any discussions between these individuals regarding such matters. See,e.g., AGO 74-295 concluding that s 286.011, F.S., was applicable to a single member of a board or commission to whom the authority to act on behalf of the board, such as a lease of land, had been delegated, and that such member should not secretly negotiate a lease. But see, Rowe v. Pinellas Sports Authority, 461 So.2d 72
(Fla. 1984), concluding that Sunshine Law did not apply to gatherings between individual members of the several governing bodies and staff of the different governmental entities since there was never any meeting where two individuals with decision-making authority were present.
In conclusion, it is therefore my opinion that, unless and until judicially determined otherwise, Florida's Government-in-the-Sunshine Law, s 286.011, F.S., is not applicable to conversations between an individual member of the town council and the mayor who has no power to vote but may only veto ordinance passed by the town council unless the mayor is used as an intermediary between council members or the mayor or the member of the town council or both had been delegated the authority to act on behalf of the town council.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General