Richard N. Tudor Assistant Director Division of Communications
QUESTION:
1. Is the Telecommunication Access System Act Advisory Committee subject to the provisions of s. 286.011, F.S., Florida's Government in the Sunshine Law?
2. If the answer to Question One is in the affirmative, how do members of the committee conduct themselves when two or more of them attend and participate in meetings of bodies not subject to the Sunshine Law at which discussions relevant to the business of the committee take place?
SUMMARY:
1. The Telecommunication Access System Act Advisory Committee is subject to the provisions of s. 286.011, F.S., and meetings of the committee must comply with the requirements of the Sunshine Law.
2. When any two or more members of the committee are attending or participating in meetings or other functions unconnected with the Telecommunication Access System Act Advisory Committee they should refrain from discussing matters on which foreseeable action may be taken by the committee but are not otherwise restricted in their actions.
Part II, Ch. 427, F.S., is the "Telecommunications Access System Act of 1991."[1] The purpose of the act is to:
 [E]stablish a system whereby the citizens of Florida who are hearing impaired, speech impaired, or dual sensory impaired have access to basic telecommunications services at a cost no greater than that paid by other telecommunications services customers, and whereby the cost of specialized telecommunications equipment necessary to ensure that citizens who are hearing impaired, speech impaired, or dual sensory impaired have access to basic telecommunications services and the provision of telecommunications relay service is borne by all the telecommunications customers of the state.[2]
The Legislature specifically intended that:
[T]he value of the involvement of persons who have hearing or speech impairments, and organizations representing or serving those persons, be recognized and such persons and organizations be involved throughout the development, establishment, and implementation of the telecommunications access system through participation on the advisory committee as provided in s. 427.706.[3]
Section 427.706, F.S., authorizes the appointment of an advisory committee "to assist the [Florida Public Service Commission] with the implementation of the provisions of this part."[4]
The advisory commission is charged with providing the expertise, experience, and perspective of hearing impaired and speech impaired persons to the commission and the administrator[5]
during the development and operation of the telecommunications access system. Pursuant to the act, "[t]he advisory committee shall advise the commission and the administrator on any matter relating to the quality and cost-effectiveness of the telecommunications relay service and the specialized telecommunications devices distribution system."[6]
The Government in the Sunshine Law applies to "any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision." Florida courts have stated that it was the Legislature's intent to extend application of the Sunshine Law so as to bind "every `board or commission' of the state, or of any county or political subdivision over which it has dominion and control."[7] The statute applies to public collegial bodies within the state, at the local as well as state level.[8]
It applies equally to elected and to appointed boards or commissions.[9] Thus, boards or commissions created by law or by a public agency are clearly subject to the provisions of s. 286.011, F.S.
The Telecommunication Access System Act Advisory Committee was created pursuant to a legislative act which sets forth the composition, purpose, duties and functions of the committee. There would appear to be little doubt that such a committee, created by and subject to the control of the Legislature, is covered by the terms of s. 286.011, F.S.[10] Thus, meetings of the committee must be open to the public, reasonable notice of such meetings must be given, and minutes of all such meetings must be promptly recorded and made available for public inspection. AS TO QUESTION 2:
The Sunshine Law applies to all gatherings, whether formal or casual, of two or members of the same board or commission to discuss some matter on which foreseeable action will be taken by the public board or commission.[11] The law is applicable to all functions of the covered board or commission, whether formal or informal, which relate to the affairs and duties of the board. The fact that the business to be discussed may be characterized as "non-substantive" does not necessarily remove it from the scope of the Sunshine Law. To the extent such business requires the approval or consideration of the entire board or concerns matters which should appropriately be considered and discussed by the board, then s. 286.011, F.S., requires that such business be conducted in the sunshine.[12]
With regard to functions at which two or more committee members are present,[13] the Sunshine Law applies to any gathering, whether formal or casual, of two or more members of the same board or commission to discuss some matter on which foreseeable action will be taken by the public board or commission.[14] However, members of a public board or commission are not prohibited under the Sunshine Law from meeting together socially or in other situations, provided that matters which may come before the board or commission are not discussed at such gatherings. A luncheon meeting held by a private organization for members of a public board or commission at which there is no discussion among such officials on matters relating to public business would not be subject to the Sunshine Law merely because two or more members of a covered board of commission are present.[15]
Likewise, s. 286.011, F.S., does not prohibit two members of a public commission from serving on the board of trustees of a nonprofit corporation. However, if the board of trustees of the corporation discusses some matter which may be brought before the public commission, the commission members should excuse themselves from the meeting or hold the meeting in the sunshine.[16]
In the event that a board member is unable to determine whether a meeting is subject to the Sunshine Law, he or she should either leave the meeting or ensure that the meeting complies with the Sunshine Law.[17]
Thus, it is my opinion that the Telecommunication Access System Act Advisory Committee is subject to the terms of s. 286.011, F.S., the Sunshine Law, and the committee members must conduct themselves accordingly.
[1] See, s. 427.701, F.S.
[2] Section 427.702(2), F.S.
[3] Section 427.702(3)(h), F.S.
[4] Section 427.706(1), F.S.
[5] See, s. 427.703(1), F.S., defining "[a]dministrator" to mean:
[A] corporation not for profit incorporated pursuant to the provisions of chapter 617 and designated by the Florida Public Service Commission to administer the telecommunications relay service system and the distribution of specialized telecommunications devices pursuant to the provisions of this act and rules and regulations established by the commission.
[6] Section 427.706(2), F.S.
[7] Times Publishing Company v. Williams, 222 So.2d 470,473 (2 D.C.A. Fla., 1969).
[8] See, e.g., City of Miami Beach v. Berns,245 So.2d 38 (Fla. 1971).
[9] See, AGO 73-223 (Appointive bodies, as well as elective, fall under the purview of the Sunshine Law. Advisory bodies can be controlled by the Sunshine Law. Committees of a governing board composed of members of the board must have public meetings when such meetings deal with matters pertaining to the duties and responsibilities of the board.)
[10] Accord, AGO 90-76 (statewide judicial nominating commission for worker's compensation judges is subject to s.286.011, F.S.), and AGO 88-13 (Putnam County Correctional Planning Committee is a board or commission subject to the Sunshine Law), AGO 87-42 (meetings of an ad hoc committee appointed by the mayor and playing an integral part in the decisional process with respect to matters upon which foreseeable action will be taken by the agency or authority are subject to the provisions of Florida's Government-in-the-Sunshine Law.)
[11] Hough v. Stembridge, 278 So.2d 288 (3 D.C.A. Fla., 1973). And see, Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969); City of Miami Beach v. Berns,245 So.2d 38 (Fla. 1971).
[12] See, AGO 75-37 (The State Assessment Administration Review Commission is subject to the Sunshine Law [s. 286.011, F.S.] and must conduct all of its discussions, interviews, and decision-making procedures in the sunshine, including the engagement of its law officer. The commission must also conduct its nonsubstantive business [unrelated to its adjudicatory functions] in the sunshine if such business requires board action or appropriately should be brought before the board for consideration.)
[13] Although you have specifically framed your opinion request in terms of two commission members, I should point out that there are instances when the Sunshine Law applies to a single individual who has been delegated decision-making authority on behalf of a board or commission. See, e.g., AGO 90-17 (individual board member may meet privately with private garbage contractor if purpose of meeting is information gathering and council member is not delegated a portion of decision-making authority of council; if, however, council member has been authorized, formally or informally, to exercise decision-making authority on behalf of council such as approving or rejecting certain contract provisions, he is acting on behalf of council and meetings are subject to s. 286.011, F.S.); and AGO 84-54 (meeting between representatives of private organization and city commissioner appointed by city commission to act on its behalf in considering construction and funding of cultural center and performing arts theater subject to s. 286.011, F.S.).
[14] See, AGO 74-94 (workshop meeting of planning and zoning commission covered by Sunshine Law); AGO 74-62 (conference sessions held by town council before regular meetings subject to Sunshine Law); AGO 73-8 (discussion of preaudit report of Auditor General by governing body of special district subject to s.286.011, F.S.); and AGO 74-364 (deliberations of regional planning council considering development of regional impact subject to Sunshine Law).
[15] Attorney General Opinion 72-158. Accord, Inf. Op. to Dick Batchelor, May 27, 1982 (Sunshine Law inapplicable when gathering of two or more members of a board or commission is entirely for social purposes and no public business is discussed).
[16] Attorney General Opinion 83-70.
[17] See, City of Miami Beach v. Berns, 245 So.2d 38,41 (Fla. 1971) ("[i]f a public official is unable to know whether by any convening of two or more officials he is violating the law, he should leave the meeting forthwith"); Town of Palm Beach v. Gradison, 296 So.2d 473, 477 (Fla. 1974) ("[t]he principle to be followed is very simple: When in doubt, the members of any board, agency, authority or commission should follow the open-meeting policy of the State").