245 So.2d 38 (1971)
CITY OF MIAMI BEACH, a Florida Municipal Corporation and Political Subdivision of the State of Florida, D. Lee Powell, Norman Ciment, Malvin Englander, Paul Seiderman and Leonard O. Weinstein, As City Councilmen, Petitioners,
v.
Hendrik J. BERNS, Robert W. Swift and Gerry Levin, Respondents.
No. 39503.
Supreme Court of Florida.
January 27, 1971.
Joseph A. Wanick, Ira M. Elegant and Sam Daniels, Miami, for petitioners.
*39 Daniel Neal Heller, Miami, for respondents.

ON REHEARING GRANTED AND ORIGINAL OPINION WITH-DRAWN
ADKINS, Justice.
Jurisdiction comes to us with a petition for certiorari to review a decision of a District Court of Appeal, which passed upon questions certified by that court to be of great public interest. Fla. Const. art. V § 4(2), F.S.A.; City of Miami Beach v. Berns, 231 So.2d 847 (Fla.App.3rd 1970).
The question presented by the petitioners reads as follows:
"Whether the Third District Court of Appeal erred in holding that the provisions of F.S.A. 286.011, rather than the provisions of F.S.A. 165.22 as interpreted by this court in the Turk case, now apply to all meetings of the city council of a municipal corporation and that a city council can no longer hold informal executive sessions at which the public is excluded for the discussion of condemnation matters, personnel matters, pending litigation or any other matter relating to city government."
We must first determine whether the provisions of Fla. Stat. § 286.011, F.S.A., supersedes or repeals Fla. Stat. § 165.22, F.S.A.
Fla. Stat. § 165.22, F.S.A., reads in part as follows:
"165.22 Meetings of council to be public; penalty 
All meetings of any city or town council or board of aldermen of any city or town in the state, shall be held open to the public of any such city or town, and all records and books of any such city or town shall be at all times open to the inspection of any of the citizens thereof."
There follows a provision for a penalty of two months in jail or a fine not to exceed one hundred dollars upon conviction of a city official who violates the act. Such a conviction shall also create a vacancy in the office of the offending official. There is no specific provision for enforcement by injunction, nor does a violation of this act invalidate action taken at a closed session
In Turk v. Richard, 47 So.2d 543 (Fla. 1950), this Court held that the "open meeting" requirement applied only when the municipal council was assembled in a formal session attended by a quorum.
Fla. Stat. § 286.011, F.S.A., reads in part:
"286.011, Public meetings and records; public inspection; penalties
"(1) All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation or any political subdivision except as otherwise provided in the constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, regulation or formal action shall be considered binding except as taken or made at such meeting." (Emphasis supplied)
This is followed by a requirement that minutes be promptly recorded and open to the public. Circuit courts are authorized to issue injunctions to enforce the statute on the application of any citizens. Violation of this statute constitutes a misdemeanor. Conviction carries a fine up to five hundred dollars and a jail sentence up to six months, or both. No action shall be considered as binding unless taken at a public meeting as prescribed by the statute.
In Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla.1969), we held that Fla. Stat. § 286.011, F.S.A., was applicable to a county board of public instruction and was not limited to formal meetings. In construing this statute, we said:
"Under the decision in Turk v. Richard, supra, it would have been unnecessary *40 to include a provision declaring certain meetings as `public meetings' if the intent of the Legislature had been to include only formal assemblages for the transaction of official business. The obvious intent was to cover any gathering of the members where the members deal with some matter on which foreseeable action will be taken by the board." (p. 698)
We do not overlook the arguments that the right to attend meetings of government bodies did not exist at common law; that the earlier statute dealt with the special subject of municipal meetings; that the two acts should be construed in harmony if possible because repeals by implication are not favored. The rules of statutory construction relied upon by petitioners are cogent but not conclusive. We are persuaded to apply the rule that a statute enacted for the public benefit should be construed liberally in favor of the public even though it contains a penal provision. In this posture a reasonable construction should be applied giving full measure to every effort to effectuate the legislative intent. Board of Public Instruction of Broward County v. Doran, supra; George v. State, 203 So.2d 173 (Fla.App.2nd, 1967). The intent of the act as reflected by its language and legislative setting is absorbed into and becomes a part of the law itself. Pillans & Smith Co. v. Lowe, 117 Fla. 249, 157 So. 649 (1934). It appears to us that in enacting Fla. Stat. § 286.011, F.S.A., the Legislature intended a general revision of the law applicable to open meetings of public agencies. In such a situation a later statute operates as a substitute for or repeal of an earlier one. We therefore hold that Fla. Stat. § 286.011, F.S.A., supersedes and repeals Fla. Stat. § 165.22, F.S.A. The former governs the conduct of city councils and other municipal agencies and its provisions are applicable to violations at the municipal corporation level.
The next question to be determined is whether a city council can hold informal executive sessions at which the public is excluded for the discussion of condemnation matters, personnel matters, pending litigation or any other matter relating to city government.
The Government in the Sunshine Law, Fla. Stat. § 286.011, F.S.A., was enacted in 1967. Since that time the Legislature has not seen fit to repeal, modify, or insert any exceptions in the law. Our duty is to interpret this law as it is written and, if possible, do so in a manner to prevent its circumvention.
The Legislature intended to extend application of the "open meeting" concept so as to bind every "board or commission" of the state, or of any county or political subdivision over which it has dominion or control. This conclusion was first expressed in Times Publishing Company v. Williams, 222 So.2d 470 (Fla.App.2nd 1969), and the Legislature was charged with knowledge of this expression at the time it met during the 1970 session. Nevertheless, the Government in the Sunshine Law was not amended.
We emphasize the following principle expressed in Board of Public Instruction of Broward County v. Doran, 224 So.2d 693:
"The obvious intent was to cover any gathering of the members where the members deal with some matter on which foreseeable action will be taken by the board." (Emphasis supplied) (p. 698)
The question of whether secret sessions could be held concerning privileged matter was definitely determined in Board of Public Instruction of Broward County v. Doran, supra. The opinion contains the following:
"The final judgment, inter alia, enjoins the defendant from the holding of any meeting or conference session,
"`* * * at which are held any discussions on current, or foreseeably *41 so, matters not privileged, pertaining to the duties and responsibilities of the Board of Public Instruction of Broward County.'
"Fla. Stat., § 286.011 (F.S.A.) contains no exception. Therefore, this portion of the final judgment is amended so as to read as follows:
"`* * * at which are held any discussions on matters pertaining to the duties and responsibilities of the Board of Public Instruction of Broward County.'" (p. 700)
Whether Fla. Stat. § 286.011, F.S.A., should authorize secret meetings for privileged matter is the concern of the Florida Legislature and unless the Legislature amends Fla. Stat. § 286.011, F.S.A., it should be construed as containing no exceptions.
A secret meeting occurs when public officials meet at a time and place to avoid being seen or heard by the public. When at such meetings officials mentioned in Fla. Stat. § 286.011, F.S.A., transact or agree to transact public business at a future time in a certain manner they violate the government in the sunshine law, regardless of whether the meeting is formal or informal.
The Legislature did not intend to muzzle lawmakers and administrative boards to an unreasonable degree. It would be contrary to reason and violate the right of free speech to construe the law to prohibit any discussion whatever by public officials between meetings. The practice of discussing politics and government is part of our American heritage enjoyed by public officials and private citizens. The evil of closed door operation of government without permitting public scrutiny and participation is what the law seeks to prohibit. If a public official is unable to know whether by any convening of two or more officials he is violating the law, he should leave the meeting forthwith.
It is the law's intent that any meeting, relating to any matter on which foreseeable action will be taken, occur openly and publicly.
In this area of regulating, the statute may push beyond debatable limits in order to block evasive techniques. An informal conference or caucus of any two or more members permits crystallization of secret decisions to a point just short of ceremonial acceptance.
The majority of the Court is of the opinion that this case should be decided solely upon the question presented by the petitioner and that future problems will have to be met as they arise.
The writ of certiorari is discharged.
ERVIN, Acting C.J., CARLTON and BOYD, JJ., concur.
DREW, J (Retired), dissents.