QUESTIONS: 1. Is the Central Florida Commission on the Status of Women subject to the Government in the Sunshine Law, s. 286.011, F. S.? 2. If the commission must comply with the Government in the Sunshine Law, is that law also applicable to committee and subcommittee meetings of said body?
SUMMARY: The Sunshine Law is applicable to all meetings, including committee and subcommittee meetings, of the Central Florida Commission on the Status of Women, an organization created by an interlocal agreement executed by Orange, Seminole, Brevard, and Osceola Counties with its members appointed by the several boards of county commissioners signatory to the interlocal agreement. AS TO QUESTION 1: Your question is answered in the affirmative. According to your letter, Orange, Seminole, Brevard, and Osceola Counties have executed an interlocal agreement — see s. 163.01, F. S. — which creates a regional organization called the Central Florida Commission on the Status of Women. Members of the commission are appointed by the boards of county commissioners of the respective counties. The commission is empowered to serve in an advisory and liaison capacity to the several boards of county commissioners and the county administration of the several counties, as well as other public or private agencies, groups, and persons, with respect to all matters pertaining to the status or needs of women in the central Florida area. The express purpose of the commission is to serve as a medium for responsible persons to understand and deal with problems affecting the status of women and to make findings and recommendations to the several boards of county commissioners regarding such matters. For the purposes of this opinion, I am assuming the validity of the interlocal agreement which creates the Central Florida Commission on the Status of Women. Florida's Government in the Sunshine Law (s.286.011(1), F. S.) states in pertinent part: All meetings of any board or commission of . . . any agency or authority of any county . . . at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, regulation, or formal action shall be considered binding except as taken or made at such meeting. In Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974), the Florida Supreme Court held that the Sunshine Law was applicable to an ad hoc advisory committee whose powers were limited to making recommendations to the governing body of the municipality which established it and which possessed no authority to bind the governing authority in any way whatsoever. The court concluded that s. 286.011, F. S., should be "construed to frustrate all evasive devices." This can be accomplished, according to the court, only . . . by embracing the collective inquiry and discussion stages within the terms of the statute, as long as such inquiry and discussion is conducted by any committee or other authority appointed and established by a governmental agency, and relates to any matter on which foreseeable formal action will be taken. [Town of Palm Beach v. Gradison, supra, at 477.] The Commission on the Status of Women serves in an advisory and liaison capacity and makes recommendations to the several county commissions that created it and appointed the members thereof and to other public agencies. It seems clear that under the authority of Town of Palm Beach, supra, the Regional Commission on the Status of Women is subject to the provisions of the Sunshine Law which require that its meetings be open to the public, that reasonable advance notice thereof be given, and that its minutes be recorded and made available for public inspection. AS TO QUESTION 2: Your second question is also answered in the affirmative. Since the adoption of the present Sunshine Law, the courts have stated, almost without exception, that all phases of the decisionmaking process must be conducted in the sunshine. City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971); Board of Public Instruction of Broward County v. Doran, 224 So.2d 694 (Fla. 1969); Times Publishing Co. v. Williams, 222 So.2d 470 (2 D.C.A. Fla., 1969). In addition, as quoted hereinabove from Town of Palm Beach, supra, the collective inquiry and discussion stages have been brought within the terms of the statute. Accordingly, the law is applicable to any gathering of a public body, or any two or more members thereof, where the members deal with, or which relates to, some matter, inquiry, or discussion on which foreseeable action will be taken by said body. Board of Public Instruction of Broward County v. Doran, supra, at 968; City of Miami Beach v. Berns, supra, at 40. See AGO's 074-62 and 074-94. Since advisory bodies appointed and established by governmental agencies are within the Sunshine Law — see Town of Palm Beach, supra — it is clear that s. 286.011, F. S., embraces all of the deliberative processes of the Central Florida Commission on the Status of Women. This would include committee meetings, subcommittee meetings, or any meeting of two or more members of the commission held for the purpose of discussion, research, fact finding, or inquiry on any matter which could foreseeably result in recommendations to the several boards of county commissioners or other public agencies.