QUESTION:
Is a board of visitors established under the provisions of s. 416.07, F. S., for the purpose of visiting juvenile detention homes governed by the Sunshine Law?
SUMMARY:
A board of visitors established under the provisions of s. 416.07, F. S., for the purpose of visiting juvenile detention homes is governed by the Government in the Sunshine Law, s. 286.011, F. S.
The Government in the Sunshine Law, s. 286.011, F. S., provides in pertinent part that:
 All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation or any political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times . . . . (Emphasis supplied.)
The county board of visitors was created and its members appointed pursuant to s. 416.07, F. S. Its purposes, duties, and functions have been prescribed by law. Section 416.08, F. S. It would appear that the committee is an agency of the county for the purposes of and subject to the provisions of the Sunshine Law, which requires that all meetings at which official action is to be taken be open to the public, that resonable notice of such meetings be given, and that minutes of all such meetings be promptly recorded and made available for public inspection.
In Times Publishing Co. v. Williams, 222 So.2d 470 (2 D.C.A. Fla., 1969), the court expressed the view that the Legislature intended to extend the application of the Sunshine Law so as to bind `. . . every board of commission of the state or of any county or political subdivision over which it has dominion or control.' In City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971), Justice Adkins noted that the Legislature was aware of this judicial interpretation at the time it met in 1970 and did not amend the law. The court further held the Sunshine Law to be applicable to government at the municipal as well as state and county level. Since the Legislature has, by statute, created and empowered the county board of visitors, it would appear that this particular board falls under the `dominion and control' test adopted inBerns. Although the board is appointed by and reports to the circuit court and, on request, the board of county commissioners, I do not believe that this fact serves to exempt the board from the requirements of s. 286.011, F. S. I am also mindful that the Supreme Court has consistently stated that the Sunshine Law should be liberally construed and that doubts involving its applicability should be resolved in favor of the public. Town of Palm Beach v. Gradison, 296 So.2d 438 (Fla. 1974). Accordingly, unless judicially determined to the contrary, county boards of visitors established pursuant to s. 416.07, F. S., should conduct their meetings in accordance with s. 286.011, the Government in the Sunshine Law.
Prepared by: Sharyn L. Smith Assistant Attorney General