QUESTION:
Is there a violation of the Sunshine Law under the facts described hereinbelow?
SUMMARY:
It is not a violation of the Sunshine Law, s. 286.011, F. S., for individual members of a city commission to individually listen to a tape recording of a meeting between the mayor of the city, representatives of a local newspaper, and an investor who has leased land from the city when no evidence exists to indicate that the tape recording was made in order to permit commissioners to secretly communicate with one another or to evade the requirements of the law.
In 1974, the City of Lakeland leased certain land to a private investor for the purpose of constructing a hotel to be operated on the site of its new civic center. A local newspaper arranged a meeting between the investor, representatives of the newspaper, and the mayor. At the request of the newspaper, the discussions were taped. In response to a request by the investor, the newspaper agreed not to publish the full content of the tapes because of certain statements which the investor requested to be confidential.
One of the city commissioners requested that the city commission be permitted to hear the tape, but the newspaper representative said the tape would be available to individual commissioners but not to the commission collectively in a public meeting because of the newspaper's inability to keep confidential certain of the investor's statements.
As city attorney, you have advised the commissioners that they could individually listen to the tape without violating the Sunshine Law, s. 286.011, F. S. Your reasoning was that no planned effort to communicate information outside a public meeting was present, there was no violation at the time of the original meeting, and it follows that there would likewise be no violation if the commissioners listened iindividually to the tape.
It does not appear from either your letter or the information you enclosed whether the mayor of the city is also the chief executive officer. Assuming that she is, the commissioners' fears regarding listening to the tape are groundless since she would not ordinarily be subject to the law when acting in her capacity as chief executive. See Bennett v. Warden, 333 So.2d 97 (2 D.C.A. Fla., 1976), and AGO 074-47. If, however, she is a voting member of the city commission, I do not believe that, under the facts outlined above, the commissioners would be found in violation of the Sunshine Law by listening individually to the tape.
The test of when the Sunshine Law is applicable to a given situation requires the presence of two or more commissioners who discuss matters on which they will take foreseeable action. City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971). In the instant case two or more commissioners were not actually present at the original meeting. Additionally, there is no allegation that the meeting was taped in order to permit the mayor to secretly communicate with fellow commissioners on an individual basis. Under these circumstances, I do not believe that the Sunshine Law would prohibit the action contemplated. This is not to say, however, that similar situations could not be found to violate the law. If such a procedure were to be utilized to purposely evade the Sunshine Law's requirements, a court could find that such procedures were in violation of the law. See Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974).
Prepared by: Sharyn L. Smith Assistant Attorney General