J. Sam Owens, Jr. Belle Isle City Attorney Orlando
QUESTION:
Is an environmental protection committee created by a private developer and comprised of the development corporation's president and secretary and three members recommended by the Mayor of the City of Belle Isle subject to the provisions of the Government in the Sunshine Law, s. 286.011, F. S., where said committee is created by deed restrictions to enforce and control drainage provisions within a subdivision?
SUMMARY:
An environmental protection committee created by a private developer and comprised of the development corporation's president and secretary and three members recommended by the Mayor of the City of Belle Isle is not subject to the provisions of the Government in the Sunshine Law, s. 286.011, F. S., where said committee is created by deed restrictions to enforce and control drainage provisions within a subdivision.
Florida's Government in the Sunshine Law, s. 286.011, F. S., provides in pertinent part that:
 (1) All meetings of any board or commission . . . of any agency or authority of any county, municipal corporation or any political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times . . . .
The test as to whether or not a particular board, commission, or committee falls within the parameters of s. 286.011 has been judicially determined to be whether or not said board, commission, or committee is subject to the dominion and control of the Legislature. Times Publishing Co. v. Williams, 222 So.2d 470 (2 D.C.A. Fla., 1969); City of Miami Beach v. Berns, 245 So.2d 38
(Fla. 1971). The environmental protection committee which was established by deed restriction in order to approve all lot drainage facilities required by said deed restrictions is not a `board or commission . . . of an agency or authority of' the city involved, nor is it a state or local governmental agency, nor is it connected with city or county government, nor does it serve in an advisory capacity to the City of Belle Isle. Cf. Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974), wherein the Florida Supreme Court held that a citizens' planning committee appointed and established by a municipal governing body to act in an advisory capacity to the town council was required to meet in the sunshine. Moreover, in AGO 074-22 it was stated that the fact that a private nonprofit organization which was not a state or local governmental agency or subject to the control of the Legislature received public funds did not subject such organization to the Sunshine Law.
Two city commissioners' and a city zoning board member's participation in the nongovernmental activities of the committee do not require in and of themselves that committee meetings be conducted in accordance with s. 286.011, F. S. The Sunshine Law applies to two or more members of a public board or commission or ad hoc boards or committees established by governmental agencies where those members deal with some matter on which foreseeable official action will be taken. City of Miami Beach v. Berns,supra; Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969); AGO 074-22.
Your question is, therefore, answered in the negative.
Prepared by: Sharyn L. Smith, Assistant Attorney General