Art Clark President West Coast Mental Health Board, Inc. Sarasota
QUESTION:
Does the receipt of public funds by private nonprofit corporations under contract with a district mental health board to provide mental health services subject to such corporations to the requirements of the Government in the Sunshine Law?
SUMMARY:
The receipt of public funds by a private nonprofit corporation under contract with a district mental health board to provide mental health services does not, standing alone, subject such private nonprofit corporation to the requirements of the Government in the Sunshine Law.
Your question is answered in the negative.
Your letter advises that the West Coast Mental Health Board contracts with several `private nonprofit corporations for service delivery.' You further state that each of these organizations receives state or county funds.
The Government in the Sunshine Law, s. 286.011, F. S. (1978 Supp.), provides in pertinent part:
 (1) All meetings of any board or commission . . . of any agency or authority of any county, municipal corporation or any political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times . . . .
In Times Publishing Co. v. Williams, 222 So.2d 470 (2 D.C.A. Fla., 1969), the court expressed the view that the Legislature intended to extend the application of the Sunshine Law so as to bind `every `board or commission' of the state over which it has dominion or control.' See also City of Miami Beach v. Berns, 245 So.2d 38
(Fla. 1971). Thus, the Sunshine Law is inapplicable to a private organization which is not a state or local governmental agency, or subject to the control of the Legislature, and which does not serve in an advisory capacity to such a state or local governmental agency. See AGO's 078-40 and 076-194. Cf. Town of Palm Beach v. Gradison, infra. Moreover, as concluded in AGO 074-22, the fact that a private nonprofit organization receives public funds does not, standing alone, subject such an agency to the requirements of the Sunshine Law. The Legislature has not amended the Sunshine Law so as to alter the conclusion reached in AGO 074-22; hence, the statements made in that opinion apply with full force and effect to your inquiry.
I have also considered whether the various private nonprofit entities listed in your letter are subject to the requirements of the Sunshine Law by virtue of their contractual relationship with the district mental health board. See AGO 076-202, in which this office opined that district mental health boards were public agencies within the contemplation of s. 286.011, F. S.
In Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974), the Supreme Court ruled that a citizens' planning committee appointed and established by a municipal governing body to act in an advisory capacity to the governing body was subject to the Sunshine Law. See also IDS Properties v. Town of Palm Beach,279 So.2d 353 (4 D.C.A. Fla., 1973), holding that there is no `government by delegation' exception to the Sunshine Law; therefore, public agencies may not conduct the public's business in secret through the use of an `alter ego.'
However, a contract between a nonprofit private corporation and a district mental health board in which the private corporation agrees to provide mental health services as authorized and contemplated by the Community Mental Healty Services Act, part IV of Ch. 394, F. S. (see s. 394.74, F. S., authorizing district mental health boards to contract for services with public and private mental health service providers), does not in itself constitute a delegation of the district board's governmental or legislative powers to the private organization. Thus, the principles espoused in Town of Palm Beach do not govern the instant inquiry. Cf. AGO 078-106, in which this office concluded that private service providers or subcontractors (such as mental health clinics) are not, by virtue of their contractual relationship with the board, `state agencies or subdivisions' within the definitional purview of s. 768.28, F. S.
Prepared by: Patricia R. Gleason, Assistant Attorney General