The Honorable John B. Arnold, Jr. Mayor City of Valparaiso Post Office Box 296 Valparaiso, Florida 32580
Dear Mayor Arnold:
This is in response to your request for an opinion on substantially the following question:
 IS THE GOVERNING BOARD OF A REGIONAL SEWER FACILITY, AN INTERLOCAL ADMINISTRATIVE ENTITY CREATED PURSUANT TO s 163.01, F.S., SUBJECT TO FLORIDA'S GOVERNMENT IN THE SUNSHINE LAW, s 286.011, F.S.?
The Florida Interlocal Cooperation Act of 1969, empowers `public agencies to enter into contracts for the performance of functions' (Title, Ch. 69-42, Laws of Florida; see also, s 163.01[14], F.S.), which will `permit local governmental units to make the most efficient use of their powers by enabling them to cooperate with other localities on a basis of mutual advantage' and authorizes the contracting units of local governments to enter into an agreement to provide services and facilities in a manner `that will accord best with geographic, economic, population, and other factors influencing the needs and development of local communities.' Section 163.01(2), F.S. Subsection (4) of s 163.01
authorizes units of local government to enter into interlocal agreements in order to exercise jointly `any power, privilege, or authority which such agencies share in common and which each might exercise separately.' This joint exercise of power is to be made pursuant to a contract in the form of an interlocal agreement. Section 163.01(5), F.S.
In 1974, the City of Valparaiso entered into an interlocal agreement with the City of Niceville and Okaloosa County which established procedures for the joint operation of a Regional Sewer System. You state that under the agreement a six member board was created to operate the sewer facility with each participant unit of government to appoint two members from their respective governmental units. The participating governmental owners retain responsibility for the approval of a yearly budget submitted by the Regional Sewer Board, and the Sewer Board has responsibility for the operation and maintenance of the Regional Sewer Facility. You wish to know if the monthly business meetings of the Regional Sewer Board are subject to the provisions of $286.011, F.S.
Florida's Government in the Sunshine Law, s 286.011(1), F.S. provides:
 All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. (e.s.)
The test whether a particular board or commission falls within the parameters of s 286.011, F.S., has been judicially determined to be whether said board or commission is subject to the `dominion and control' of the Legislature. Times Publishing Co. v. Williams,222 So.2d 470 (2 D.C.A. Fla., 1969); and see, City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971). The Legislature has provided for the creation of separate administrative entities to administer or execute interlocal agreements and prescribed their powers and responsibilities, so it seems clear that the subject administrative entiry is subject to the `dominion and control' of the Legislature.
Moreover, the courts have liberally interpreted the Sunshine Law in favor of citizen access to all stages of the governmental planning process if conducted by a board or commission or other authority appointed and established by a governmental entity. The Florida Supreme Court has even extended the Sunshine Law to an ad hoc advisory board, appointed by a municipality, whose powers were limited to making recommendations and which possessed no authority to bind the municipality. See, Town of Palm Beach v. Gradison,296 So.2d 473 (Fla. 1974). The Regional Sewer Board is appointed by, is responsible to, and is a joint agency of the three participating units of local government for the purpose of operating and maintaining the Regional Sewer Facility. In IDS Properties, Inc. v. Town of Palm Beach, 279 So.2d 353, 356 (4 D.C.A. Fla., 1973), affirmed, Town of Palm Beach v. Gradison,296 So.2d 473 (Fla. 1974), the court stated: `Those to whom public officials delegate de facto authority to act on their behalf in the formulation, preparation and promulgation of plans on whichforeseeable action will be taken by such public officials stand in the shoes of such public officials insofar as the application of the Government in the Sunshine Law is concerned.' (Emphasis supplied by the court.) In Town of Palm Beach v. Gradison, supra, the court stressed that every meeting of a board, commission, agency or authority of a municipality should be `a marketplace of ideas' in order to allow citizens who will ultimately be affected by the municipal action sufficient input into the decision-making process. The court went on to state:
 The statute should be construed so as to frustrate all evasive devices. This can be accomplished only by embracing the collective inquiry and discussion stages within the terms of the statute, as long as such inquiry and discussion is conducted by any committee or other authority appointed and established by a governmental agency, and relates to any matter on which foreseeable action will be taken. (e.s.) At 477.
The Regional Sewer Board is a joint agency of and responsible to the three participating units of local government, exercising their common powers or functions, to whom the task of operating and maintaining the Regional Sewer Facility has been delegated. This delegation pursuant to s 163.01, F.S., does not serve to remove the Regional Sewer Board from the `dominion and control' of the Legislature or from the purview of s 286.011, F.S. As a joint agency of the two cities and the county, the Sewer Board comes within the meaning of a `board or commission . . . of any agency or authority of any county, municipal corporation, or political subdivision . . .' for the purposes of the Sunshine Law.
In conclusion, it is therefore my opinion that an interlocal administrative entity and its governing board constituted pursuant to the `Florida Interlocal Cooperation Act of 1969,' s 163.01, F.S., is subject to Florida's Government in the Sunshine Law, s286.011, F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General