Greg Farmer Secretary Department of Commerce
QUESTION:
1. Does the Government in the Sunshine Law apply to the Board of Directors of Enterprise Florida, Inc., or a committee thereof, when selecting a recruitment company to conduct a search for the executive director?
2. Do the competitive bid provisions of Part I, Ch. 287, F.S., apply to the board's selection of a recruitment company?
3. Does the Public Records Law apply to records made or received by the recruitment company when conducting the search for the executive director of Enterprise Florida, Inc.?
SUMMARY:
1. The Board of Directors of Enterprise Florida, Inc., which is created pursuant to statute and composed of public officials or individuals appointed by public officials, and whose powers and duties are prescribed by statute, is subject to the Government in the Sunshine Law. Meetings of the board, or a committee thereof, to select a recruitment company to conduct the search for an executive director must, therefore, comply with the requirements of s. 286.011, F.S.
2. Enterprise Florida, Inc., created as a nonprofit corporation to strengthen and coordinate economic development efforts of the state is not a "state agency" as that term is defined in Part I, Ch. 287, F.S. Thus, the board of directors of the corporation is not subject to the competitive bid requirements of Part I, Ch.287, F.S.
3. The recruitment company in screening applicants for and making recommendations regarding the position of executive director of Enterprise Florida, Inc., is participating in the decision-making process of the board of directors. Therefore, the provisions of Ch. 119, F.S., apply to those materials made or received by the recruitment company in carrying out its agreement with the board.
AS TO QUESTION 1:
Pursuant to s. 4, Ch. 92-277,[1] Laws of Florida, the Board of Directors of Enterprise Florida, Inc., is responsible for selecting an executive director. You have advised this office that the board is interested in contracting with a private recruitment company to conduct the search for the executive director. The selection of the recruitment company will be made either by the board or by a committee composed of certain board members. You ask, therefore, whether the meetings of the board, or of a committee thereof, to select the recruitment company, are subject to the Government in the Sunshine Law, s. 286.011, F.S.?
Section 286.011, F.S., requires that "[a]ll meetings of any board or commission of any state agency or authority . . . at which official acts are to be taken are declared to be public meetings open to the public at all times . . . ."[2] In determining what entities are covered by the Sunshine Law, the courts have stated that it was the Legislature's intent to extend application of the law so as to bind "every `board or commission' of the state, or of any county or political subdivision over which it has dominion and control."[3]
Recently, this office was asked whether a not-for-profit corporation operating as the direct-support organization for The John and Mable Ringling Museum of Art, a public museum, was subject to s. 286.011, F.S. The corporation was created pursuant to statute for the purpose of assisting the museum in carrying out its functions; its board members were the same individuals who served on the board of trustees of the public agency, its offices were located at the museum and the organization was authorized to use museum property. Based upon these factors, this office in AGO 92-53 concluded that the board of directors of the direct support organization was subject to s. 286.011, F.S.[4]
Enterprise Florida, Inc. (Enterprise), was created as a nonprofit corporation by s. 2, Ch. 92-277, Laws of Florida.[5] The Legislature, finding the responsibility for the state's economic development fragmented among various state and local agencies and private entities, determined that there was a need for such efforts to be strengthened and coordinated in order to ensure the creation of high-quality jobs and a rising standard of living for all state residents.[6] Pursuant to the act, Enterprise "shall be registered, incorporated, organized, and operated in compliance with chapter 617, Florida Statutes, but . . . shall have only the powers and obligations enumerated in sections 1-7" of Ch. 92-277, Laws of Florida.[7]
The membership of the Board of Directors of Enterprise is statutorily prescribed and consists of certain state officials or individuals who have been appointed by certain governmental public officials.[8] The act prescribes the manner of appointment of the board members, their terms of office, and how vacancies are to be filled; it further requires members of the board, not otherwise required to do so, to file full and public disclosure of financial interests at the times and places and in the same manner required of elected constitutional officers under s. 8, Art. II, State Const.[9]
An examination of Ch. 92-277, Laws of Florida, clearly indicates that Enterprise, although acting as a nonprofit corporation, is subject to the dominion and control of the Legislature. Accordingly, meetings of the board of directors in carrying out its functions must comply with the requirements of s. 286.011, F.S.
Therefore, I am of the opinion that the Board of Directors of Enterprise Florida, Inc., which is created pursuant to statute, and composed of public officials or individuals appointed by public officials, and whose powers and duties are statutorily prescribed, is subject to the Government in the Sunshine Law. Thus, meetings of the board, or any committee thereof, regarding the selection of a recruitment company must comply with s.286.011, F.S.
AS TO QUESTION 2:
Part I of Ch. 287, F.S., relates to the procurement of commodities, insurance and contractual services by state agencies. "Agency" is defined for purposes of Part I to mean:
 [A]ny of the various state officers, departments, boards, commissions, divisions, bureaus, and councils and any other unit of organization, however designated, of the executive branch of state government.[10] (e.s.)
Nothing in Ch. 92-277, Laws of Florida, indicates that the Legislature sought to assign the corporation to the executive branch of state government. Instead the Legislature created Enterprise as a nonprofit corporation for the purpose of coordinating and strengthening the economic development efforts of this state.
This office recently concluded in AGO 92-53 that the direct support organization, created pursuant to statute as a not-for-profit corporation for the purpose of assisting The John and Mable Ringling Museum of Art, was not a state agency for purposes of Part I, Ch. 287, F.S.[11] Similarly, Enterprise, created pursuant to statute as a non-profit corporation, would not appear to constitute an "agency" as that term is defined for purposes of Part I, Ch. 287, F.S.
Accordingly, inasmuch as Enterprise does not appear to qualify as an "agency" as defined in s. 287.012(1), F.S., I am of the opinion that the Board of Directors of Enterprise is not subject to the competitive bid requirements of Part I, Ch. 287, F.S.
AS TO QUESTION 3:
Section 7(2)(b), Ch. 92-277, Laws of Florida,[12]
provides:
When so requested in writing by a donor or prospective donor, information that, if released, would identify the donor or prospective donor is confidential and exempt from the provisions of s. 119.07(1), Florida Statutes. Information identifying such donor or prospective donor to Enterprise Florida, Inc., shall not be included in audit reports. . . . All other records ofEnterprise Florida, Inc., constitute public records for purposesof chapter 119, Florida Statutes.[13] (e.s.)
Thus, the records of the corporation, with the exception of information identifying donors or prospective donors to the corporation when such donor or prospective donor has requested, in writing confidentiality, are declared to be public records for purposes of Ch. 119, F.S. You ask whether records acquired or developed by a recruitment company selected by the board of directors to conduct a search for Enterprise's executive director are subject to Ch. 119, F.S.
Chapter 119, F.S., the Public Records Law, requires that records made or received in connection with the transaction of official business by an agency, as defined therein, must be open for inspection in the absence of a statute exempting the record or making it confidential.[14] "Agency" is defined to mean:
[A]ny state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.[15]
(e.s.)
As The Supreme Court of Florida recently stated in News and Sun-Sentinel Company v. Schwab, Twitty Hanser Architectural Group, Inc.,[16] the broad definition of the term "agency" ensures that a public agency cannot avoid disclosure under the Act by contractually delegating to a private entity that which would otherwise be an agency responsibility. In determining the applicability of Ch. 119, F.S., to a private company, the Court considered a critical factor to be whether the private entity has been delegated, or has participated in, any aspect of the public agency's decision-making process.
The Schwab Court relied on Byron, Harless, Schaffer, Reid and Associates, Inc. v. State ex rel. Schellenberg,[17]
in which the court held that a firm of consultants hired to conduct an employment search for the position of managing director of a public authority played an integral part in the decision-making process and, thus, was subject to Ch. 119, F.S., in carrying out that function. On appeal, The Supreme Court of Florida in Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc.,[18] held that the letters, memoranda, resumes, and travel vouchers made or received by the consultants in connection with the search were public records.
This office has been advised that the recruitment company will actively seek applicants for the position of executive director. It will interview such applicants and make recommendations to the board regarding the selection of the executive director. Such activities on the part of the recruitment company clearly constitute an integral part of the decision-making process and, thus, is "acting on behalf" of the Board of Directors of Enterprise. Those materials made or received by the company in the course of its contract with the board of directors would, therefore, be subject to the provisions of Ch. 119, F.S.
RAB/tjw
[1] Tentatively assigned as s. 288.901, F.S. (1992 Supp.).
[2] Section 286.011(1), F.S.
[3] See, e.g., Times Publishing Company v. Williams, 222 So.2d 470, 473 (2 D.C.A. Fla., 1969), and City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971); and see, AGO 92-17.
[4] And see, Inf. Op. to Michael D. Chiumento, dated June 27, 1990, advising the direct support organization for a school district to conduct its meetings in accordance with the provisions of s. 286.011, F.S.
[5] Section 2 of Ch. 92-277, Laws of Florida, has tentatively been assigned as s. 288.901, F.S. (1992 Supp.).
[6] See, s. 1, Ch. 92-277, Laws of Florida, setting forth the legislative findings and intent.
[7] Section 2(1), Ch. 92-277, Laws of Florida, tentatively assigned as s. 288.901(1), F.S. (1992 Supp.).
[8] See, s. 2(2), Ch. 92-277, Laws of Florida, tentatively assigned as s. 288.901(2), F.S. (1992 Supp.), which states that the board of directors shall consist of the following members:
(a) The Governor or his designee. (b) The Lieutenant Governor or his designee. (c) The Commission of Education or his designee. (d) The Chancellor of the State University System or his designee. (e) The executive director of the State Community College System or his designee. (f) The Secretary of Commerce or his designee. (g) The Secretary of Labor and Employment Security or his designee. (h) A member of the Senate, who shall be appointed by the President of the Senate and serve at the pleasure of the President. (i) A member of the House of Representatives, who shall be appointed by the Speaker of the House of Representatives and serve at the pleasure f the Speaker. (j) Twelve members from the private sector, who shall be appointed by the Governor, subject to Senate confirmation, one of whom must be a member of the Florida International Affairs Commission.
[9] See, e.g. s. 2(3),(4),(5) and (10), Ch. 92-277, Laws of Florida.
[10] Section 287.012(1), F.S.
[11] This office recognized that the museum of art, as a part of the Department of State, was a state agency and, therefore, the board of trustees of the museum was bound by the provisions of Part I, Ch. 287, F.S.
[12] Section 7(2)(b), Ch. 92-277, Laws of Florida, has tentatively been assigned as s. 288.906(2)(b), F.S. (1992 Supp.)
[13] And see, s. 7(2)(a), Ch. 92-277, Laws of Florida, tentatively assigned as s. 288.906(2)(a), F.S. (1992 Supp.), stating:
The Auditor General may, pursuant to his own authority or at the direction of the Joint Legislative Auditing Committee, conduct an audit of Enterprise Florida, Inc. The audit or report may not reveal the identity of any person who has anonymously made a donation to Enterprise Florida, Inc., pursuant to paragraph (b).
[14] See, s. 119.07(1), F.S.
[15] See, s. 119.011(2), F.S.
[16] 596 So.2d 1029 (Fla. 1992).
[17] 360 So.2d 83 (1 D.C.A. Fla., 1978), quashed onother grounds, 379 So.2d 633 (Fla. 1980).
[18] 379 So.2d 633, 640 (Fla. 1980). And see, s.119.011(1), F.S., defining "Public records" as "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."