Mr. Bruce P. Taylor School Board Attorney Pinellas County Post Office Box 2942 Largo, Florida 34649-2942
Dear Mr. Taylor:
You have asked for my opinion on the following question:
What proceedings involving student expulsion conducted by the School Board of Pinellas County are made exempt from s. 286.011, F.S., by s. 230.23(6)(c), F.S. (1992 Supp.)?
In sum:
Those proceedings conducted pursuant to s. 230.23(6)(c), F.S. (1992 Supp.), by the district school board or its proper designee in which the board considers and decides cases involving student expulsion after receiving a request to proceed under s. 120.57(2), F.S., from the student, or parent or guardian of the student are exempted from the Government in the Sunshine Law.
Florida law establishes a specific procedure for the expulsion of students from the district school system. Section 232.26(1)(c), F.S. (1992 Supp.), provides in part that:
The principal or his designated representative may recommend to the superintendent the expulsion of any student who has committed a serious breach of conduct, including, but not limited to, willful disobedience, open defiance of authority of a member of his staff, violence against persons or property, or any other act which substantially disrupts the orderly conduct of the school. Subsequently, the superintendent of schools is required to:
[R]eview and modify recommendations for . . . expulsion of pupils and transmit to the school board for action recommendations for expulsion of pupils. When the superintendent makes a recommendation for expulsion to the school board, he shall give written notice to the pupil and his parent or guardian of the recommendation, setting forth the charges against the pupil and advising the pupil and his parent or guardian of his right to due process as prescribed by s. 120.57(2).[1]
Thus, at the time the superintendent advises the student and his or her parent or guardian of the recommendation of expulsion, written notice must be provided that the student is entitled to take advantage of the due process protections provided by s.120.57(2), F.S. (1992 Supp.).[2]
The actions taken by the principal or by the superintendent pursuant to the statutes set forth above do not constitute a meeting of a board or commission to which the Government in the Sunshine Law would apply, as neither involves action by a collegial body.[3] However, the next phase in the expulsion procedure is conducted by the district school board acting as a collegial body under s. 230.23, F.S.,[4] and, as this office recognized in AGO 91-45, meetings of the school board are subject to s. 286.011, F.S., in the absence of a statute exempting such meetings.
Pursuant to s. 230.23(6)(c), F.S. (1992 Supp.), the school board must "decide all cases recommended for expulsion." The statute provides that "[e]xpulsion hearings shall be governed by s.120.57(2) and are exempt from s. 286.011."[5] Thus, the statute now provides an exemption for expulsion hearings from the general applicability of the Sunshine Law to school board meetings.
Section 230.23(6)(c), F.S. (1992 Supp.), specifically authorizes the school board to "[a]dopt rules and regulations for the . . . expulsion of pupils and decide all cases recommended for expulsion." By its clear terms the statute requires that the board make the ultimate decision to expel a student but would appear to allow, by appropriately adopted rule of the board, the delegation of other aspects of these cases. You have advised this office that the adversarial, evidentiary hearings on expulsion of students are not conducted by the school board itself but by volunteer attorneys who act at the direction of the school board.
In instances in which such delegation does occur, these proceedings would be subject to the same statutory considerations as would those which the school board conducts directly.
Reading these statutes together, it is my opinion that those proceedings conducted by the district school board, or its delegated representative, to decide cases recommended for expulsion must be held in accordance with the procedural protections set forth in s. 120.57(2), F.S. (1992 Supp.), when requested by the pupil or the parent or guardian of the pupil and these proceedings are not subject to the Government in the Sunshine Law, s. 286.011, F.S. Thus, such matters as an initial discussion by the school board of the expulsion recommendation from the superintendent, an adversarial, evidentiary hearing conducted by the school board or its designee, any subsequent review of the recommended order by the board, and the entry of the final order of expulsion would be closed to the public pursuant to s. 230.23(6)(c), F.S. (1992 Supp.).
Prior to its amendment by Ch. 92-26, Laws of Florida, s. 230.23(6)(c), F.S. 1991, provided that "[e]xpulsion hearings shall be governed by the provisions of s. 120.57(2)." Thus, the type of hearings conducted under this section of the statutes has not changed, the effect of the amendment is to close only those student expulsion hearings which were previously open to the public under the Government in the Sunshine Law.[6]
As a statute enacted for the public benefit, the Sunshine Law should be liberally construed to give effect to its public purpose while exemptions should be narrowly construed.[7] Therefore, the amendment of s. 230.23(6)(c), F.S. (1992 Supp.), to include an exemption for expulsion hearings does not extend the exemption to phases of the expulsion process not considered in this subparagraph.
I would note that s. 120.57(3), F.S. (1992 Supp.), recognizes that "informal disposition may be made of any proceeding by stipulation, agreed settlement, or consent order." Thus, not every expulsion recommendation will result in an informal proceeding within the scope of s. 120.57(2), F.S. (1992 Supp.).
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 230.33(8)(c), F.S.
[2] Section 120.57(2), F.S. (1992 Supp.), describes the procedure to be utilized in informal proceedings thereunder. The statute requires that the school board, in accordance with its own rules of procedure:
1. Give reasonable notice to affected persons or parties of the action of the agency, whether proposed or already taken, or of its decision to refuse action, together with a summary of the factual, legal, and policy grounds therefor. 2. Give affected persons or parties or their counsel an opportunity, at a convenient time and place, to present to the agency or hearing officer written or oral evidence in opposition to the action of the agency or of its refusal to act, or a written statement challenging the grounds upon which the agency has chosen to justify its action or inaction. 3. If the objections of the persons or parties are overruled, provide a written explanation within 7 days.
See, s. 120.57(2)(a), F.S. (1992 Supp.).
The statute also prescribes what shall be included in the record of such proceedings:
1. The notice and summary of grounds; 2. Evidence received or considered; 3. All written statements submitted by persons and parties; 4. Any decision overruling objections; 5. All matters placed on the record after an ex parte communication pursuant to s. 120.66(2); and 6. The official transcript.
See, s. 120.57(2)(b), F.S. (1992 Supp.).
[3] See, s. 286.011(1), F.S., providing that:
All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. (e.s.)
And see, City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971) (the Sunshine Law applies to public collegial bodies within this state, at the local as well as state level).
[4] See, s. 230.23, F.S. (1992 Supp.), which provides for the powers and duties of the school board and states that "[t]he school board, acting as a board, shall exercise all powers and perform all duties listed [in s. 230.23]." (e.s.)
[5] However, the statute provides that the pupil's parent or legal guardian must be given notice of the provisions of s. 286.011, F.S., and may elect to have the expulsion hearing held in compliance with the Sunshine Law. See, s. 230.23(6)(c), F.S. (1992 Supp.).
[6] See, AGO 91-45 (meetings of the district school board at which confidential material is discussed are subject to the Government in the Sunshine Law in the absence of a statute exempting such meetings).
[7] See, Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969).