Mr. Daniel S. McIntyre St. Lucie County Attorney Third Floor Administrative Annex 2300 Virginia Avenue Fort Pierce, Florida 34982-5652
Dear Ms. Mackenzie-Smith:
You have asked for my opinion on substantially the following question:
Are meetings of the Board of Directors of the Council on Aging of St. Lucie, Inc., subject to the requirements of the Government in the Sunshine Law?
In sum:
The Council on Aging of St. Lucie, Inc., is a board or commission within the scope of section 286.011, Florida Statutes, and meetings of the board of directors of the council must comply with the Government in the Sunshine Law.
The Council on Aging of St. Lucie, Inc., (hereafter the "council") is a nonprofit organization whose activities are conducted in St. Lucie County for the benefit of those residents who are sixty and older. The council was incorporated in 1973 pursuant to the "Community Care for the Elderly Act."[1]
According to information you have submitted, the council receives grants that come to it through the county. The council serves as the county's contractual transportation provider, and equipment bought with county grants or subgrants is given a county property record number and titled in both the county's and the agency's names. Finally, you advise me that a county commissioner serves on the board of directors of the council.
The "Community Care for the Elderly Act" is currently codified at sections 430.201-430.207, Florida Statutes. Under provisions of the act, an area agency on aging is designated by the Department of Elderly Affairs to coordinate and administer the department's programs and to provide, through contracting agencies, services within a planning and service area.[2] The agency may be a public or nonprofit private agency or office.[3] Whenever it is feasible, an area agency on aging should be the contracting agency of preference to engage in the planning and funding of services.[4]
Under provisions of the act, the Department of Elderly Affairs must fund at least one community care service system through each area agency on aging.[5] The primary purpose of such a service system is to prevent unnecessary institutionalization of functionally impaired elderly persons by providing community-based core services.[6]
These core services include:
"a variety of home-delivered services, day care services, and other basic services that may be provided by several entities. Core services are those services that are most needed to prevent unnecessary institutionalization."[7]
It is the responsibility of the department or the area council on aging to contract to have these core services provided.[8] The area agency on aging may not provide these core services directly to area residents.[9] The Department of Elderly Affairs is responsible for evaluating the delivery of services within these community care service areas in order to assess the ability of these programs to:
"(a) Reduce the rate of inappropriate entry and placement of functionally impaired elderly persons in institutions;
(b) Reduce the use of institutional services and facilities; and
(c) Recommend legislative and administrative action."[10]
Further, the department is required to fund at least one community care service system that provides case management and other in-home and community services needed to help older people maintain independence and prevent or delay more costly institutional care.[11] These core services and other support services may be furnished by either public or private agencies or organizations. However, each community care service system must be under the direction of a lead agency, such as the Council on Aging of St. Lucie, Inc., that coordinates the activities of the individual contracting agencies providing these services.[12] The department is responsible for defining each core service to be provided or coordinated within a community care service area and must establish rules and minimum standards for the delivery of these core services.[13]
Florida's Government in the Sunshine Law, section 286.011(1), Florida Statutes, provides that
"[a]ll meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times. . . ."
Florida courts have determined that it was the Legislature's intent in adopting the Sunshine Law to extend the law's application to bind "every `board or commission' of the state, or of any county or political subdivision over which it has dominion and control."[14]
Applying these principles, this office determined that a not-for-profit corporation created by a public agency to assist in the agency's redevelopment plan was subject to the Government in the Sunshine Law.[15] In that instance, a local community redevelopment agency created pursuant to Part III, Chapter 163, Florida Statutes, sponsored the formation of a coalition for the purpose of assisting the agency in implementation of the agency's redevelopment plan. Agency board members were automatically members of the coalition and the registered office of the corporation was the same as the community redevelopment agency.
Similarly, this office concluded that a nonprofit corporation created by a county to act as an instrumentality of the county and for its benefit in financing and administering governmental programs was subject to section 286.011, Florida Statutes.[16] The opinion noted that the county created the authority, prescribed the duties of the authority, and appointed its initial board of directors. The county retained the power to control the structure and organization of the authority. The opinion concluded that the authority and its board of directors were subject to the dominion and control of the county and, thus, the authority fell within the scope of the Government in the Sunshine Law.
The Council on Aging of St. Lucie, Inc., was created and conducts its operations pursuant to provisions of a state legislative act. The council acts on behalf of the Department of Elderly Affairs as a direct community contact in funding and monitoring the effectiveness of programs. The department defines the services and adopts minimum standards for providing those services that must be implemented by the council. Thus, I have no hesitation in concluding that the Council on Aging of St. Lucie, Inc., is within the dominion and control of the Florida Legislature.
Therefore, it is my opinion that the Council on Aging of St. Lucie, Inc., is a board or commission within the scope of section286.011, Florida Statutes, and meetings of the board of directors of the council must comply with the Government in the Sunshine Law.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Sections 410.021-410.029, Fla. Stat. (1973).
[2] Section 430.203(1), Fla. Stat.
[3] Id.
[4] Section 430.204(1), Fla. Stat.
[5] Id.
[6] Id.
[7] Section 430.203(5), Fla. Stat.
[8] Section 430.204(4), Fla. Stat.
[9] Section 430.203(5), Fla. Stat.
[10] Section 430.204(9), Fla. Stat.
[11] Section 430.205(1), Fla. Stat.
[12] Section 430.205(2), Fla. Stat.
[13] Section 430.205(3), Fla. Stat.
[14] See, e.g., Times Publishing Company v. Williams,222 So.2d 470, 473 (Fla. 2d DCA 1969); City of Miami Beach v. Berns,245 So.2d 38 (Fla. 1971).
[15] Attorney General Opinion 97-17 (1997).
[16] Attorney General Opinion 94-34 (1994).