Dr. Robert Hodges Chair, Florida Child Abuse Death Review Team 4052 Bald Cypress Way, BIN A06 Tallahassee, Florida 32399-1700
Dear Dr. Hodges:
On behalf of the State Child Abuse Death Review Committee, you ask substantially the following question:
In light of the repeal of section 383.410, Florida Statutes, which provided for the confidentiality of information obtained by the state or local child abuse death review committee, would the confidentiality provisions of 42 United States Code 5106a apply to such committees?
In 1999, the Florida Legislature established the State Child Abuse Death Review Committee within the Department of Health and authorized the creation of local child abuse death review committees.[1] The committees are charged with reviewing "the facts and circumstances of all deaths of children from birth through age 18 which occur in this state as the result of verified child abuse or neglect."[2] Subsection (8) of section 383.402, Florida Statutes, provides:
"Notwithstanding any other law, the chairperson of the State Child Abuse Death Review Committee, or the chairperson of a local committee, shall be provided with access to any information or records that pertain to a child whose death is being reviewed by the committee and that are necessary for the committee to carry out its duties, including information or records that pertain to the child's family, as follows:
(a) Patient records in the possession of a public or private provider of medical, dental, or mental health care, including, but not limited to, a facility licensed under chapter 393, chapter 394, or chapter 395, or a health care practitioner as defined in s. 456.001. Providers may charge a fee for copies not to exceed 50 cents per page for paper records and $1 per fiche for microfiche records. (b) Information or records of any state agency or political subdivision which might assist a committee in reviewing a child's death, including, but not limited to, information or records of the Department of Children and Family Services, the Department of Health, the Department of Education, or the Department of Juvenile Justice."[3]
The 1999 Legislature also enacted section 383.410, Florida Statutes, providing for the confidentiality of the information obtained by the committees.[4] Section 383.410(3)(b), Florida Statutes, provided that portions of meetings or proceedings of the State Child Abuse Death Review Committee or local committee, or a panel or committee assembled by the state committee or a local committee pursuant to s. 383.402 that relate solely to child fatalities and in which specific persons or incidents are discussed were confidential and exempt from section 286.011, Florida Statutes, and Article I, section 24(b), Florida Constitution.
Subsection (7) of section 383.410, Florida Statutes, states:
"This section is subject to the Open Government Sunset Review Act of 1995 in accordance with s. 119.15, and shall stand repealed on October 2, 2004, unless reviewed and saved from repeal through reenactment by the Legislature."[5]
During the 2004 legislative session, legislation was introduced to reenact the provisions of section 383.410, Florida Statutes; however such legislation failed to pass.[6] As a result, section 383.410 was "sunsetted" on October 2, 2004, although section 383.402, Florida Statutes, imposing the responsibility on the committees to review child death cases remains. You state that the loss of the confidentiality section has significantly impeded the state committee's ability to carry out its statutory function and to conduct child death reviews under the federal Child Abuse and Neglect Prevention and Treatment Act (CAPTA). You ask whether the confidentiality provisions in the federal act would apply while the committee works to restore the confidentiality protections previously contained in section 383.410, Florida Statutes.
Title 42 United States Code (U.S.C.) 5106a provides for grants to states for child abuse and neglect prevention and treatment programs. Subsection (c) of that section provides for the establishment of citizen review panels in states to which a grant has been made pursuant to that section. The functions of such panels are set forth in 42 U.S.C. 5106a(c)(4) and include any other criteria the panel considers important to ensure the protection of children, including —
"(II) a review of child fatalities and near fatalities (as defined in subsection (b)(4))."
The panel is required to prepare and make available to the State and the public on an annual basis a report containing a summary of the activities of the panel and recommendations to improve the child protection services system at the State and local levels.[7]
You have advised this office that the State Child Abuse Death Review Committee is conducting child death reviews as a citizen review panel under CAPTA. Pursuant to 42 U.S.C. 5106a(c)(4)(B), members and staff of a panel established under paragraph (1)
"(I) shall not disclose to any person or government official any identifying information about any specific child protection case with respect to which the panel is provided information; and (II) shall not make public other information unless authorized by State statute."
If a federal statute requires particular records to be closed and the state is clearly subject to the provisions of the statute, then pursuant to the Supremacy Clause of the United States Constitution,[8] the state must keep the records confidential.[9] The above provisions clearly prohibit a citizen review panel from revealing any identifying information it receives regarding a specific child protection case and thus would appear to prohibit the release of identifying information received by the State Child Abuse Death Review Committee when carrying out its responsibilities under CAPTA. The federal act also provides that the citizen review panels shall not make public other information unless authorized by state statute. In light of the strong mandate of Florida's Public Records Law that records made or received by an agency in connection with official business are subject to disclosure in the absence of a statutory exemption, and the repeal of section 383.410, Florida Statutes, providing for confidentiality, it appears that state law requires the disclosure of non-identifying information.[10]
Moreover, the Florida Supreme Court has stated that in the absence of a statute exempting a meeting in which privileged material is discussed, the Government in the Sunshine Law, section 286.011, Florida Statutes, should be construed as containing no exceptions.[11] The provisions of 42 U.S.C. 5016a would not appear to authorize the committee to close its meetings, although the committee should take steps to ensure that identifying information is not disclosed at such meetings.
Accordingly, it is my opinion that federal law prohibits the release of identifying information received by the State Child Abuse Death Review Committee when carrying out its responsibilities under the Child Abuse and Neglect Prevention and Treatment Act but that state law requires the disclosure of non-identifying information. In light of the problems the committee has encountered in carrying out its duties due to the repeal of section 383.410, Florida Statutes, this office would suggest that the committee work with the Florida Legislature to readdress these issues.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See s. 383.402(2) and (6), Fla. Stat., respectively.
[2] Section 383.402(1), Fla. Stat. The 2004 Legislature expanded the committee's mandate by deleting language relating to the committee's review authority of child deaths due to abuse or neglect to those where at least one report of abuse was accepted by the central abuse hotline of the Department of Children and Families. See s. 14, Ch. 04-350, Laws of Fla.
[3] And see s. 383.402(9), Fla. Stat., providing:
"The State Child Abuse Death Review Committee or a local committee shall have access to all information of a law enforcement agency which is not the subject of an active investigation and which pertains to the review of the death of a child. A committee may not disclose any information that is not subject to public disclosure by the law enforcement agency, and active criminal intelligence information or criminal investigative information, as defined in s. 119.011(3), may not be made available for review or access under this section."
[4] See s. 1, Ch. 99-210, Laws of Fla., creating s. 383.410, Fla. Stat., which provides in subsections (1), (2), (3)(a) and (4):
"(1) All information that is confidential or exempt from public records requirements by operation of law and that is obtained by the State Child Abuse Death Review Committee or a local committee, or a panel or committee assembled by the state committee or a local committee pursuant to s. 383.402, shall retain that status and is exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution.
(2) All information that is confidential or exempt from public records requirements by operation of law and that is obtained by a hospital or a health care practitioner as defined by s. 455.501 (now s. 456.001) from the State Child Abuse Death Review Committee or a local committee, or a panel or committee assembled by the state committee or a local committee pursuant to s. 383.402, shall retain that status and is exempt from s.119.07(1) and s. 24(a), Art. I of the State Constitution.
(3)(a) Any information that would reveal the name, address, or telephone number of, or information that would identify any of the deceased's surviving siblings, family members, or others living in the home in reports or records created by the State Child Abuse Death Review Committee or local committee, or a panel or committee assembled by the state committee or a local committee pursuant to s. 383.402 which relates solely to child fatalities and in which specific persons or incidents are discussed is confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution.
* * *
(4) All information and records acquired by the State Child Abuse Death Review Committee or a local committee are confidential and not subject to subpoena, discovery, or introduction into evidence in any civil or criminal proceedings, except that information, documents and records otherwise available from other sources are not immune from subpoena, discovery, or introduction into evidence from those sources solely because they were presented to or reviewed by a committee."
[5] See s. 119.15(3)(a), Fla. Stat., which provides:
"In the 5th year after enactment of a new exemption or substantial amendment of an existing exemption, the exemption shall repeal on October 2nd of the 5th year, unless the Legislature acts to reenact the exemption. A law that enacts a new exemption or substantially amends an existing exemption must state that the exemption is repealed at the end of 5 years and that the exemption must be reviewed by the Legislature before the scheduled repeal date."
While s. 383.410(2), Fla. Stat., was amended in 2000 by s. 12, Ch. 00-160, Laws of Fla., the 2004 legislation did not substantially amend the statute, but merely renumbered a statutory reference in that subsection.
[6] See SB 462 (2004), which passed the Florida Senate, but died in the Florida House of Representatives.
[7] 42 U.S.C. 5106a(c)(6).
[8] Article VI, U.S. Const. 
[9] See e.g., State ex rel. Cummer v. Pace, 159 So. 679 (Fla. 1935); Ops. Att'y Gen. Fla. 03-26 (2003), 90-102 (1990), 85-03 (1985), and 82-63 (1982). Cf. Florida Sugar Cane League, Inc. v. Florida Department ofEnvironmental Regulation, No. 91-2108 (Fla. 2d Cir. Ct., September 20, 1991), per curiam affirmed, 606 So.2d 1267 (Fla. 1st DCA 1992) (where federal law did not clearly require that documents received by a state agency in the course of settlement negotiations to resolve a federal lawsuit be kept confidential, such documents were open to inspection under Ch. 119, Fla. Stat.).
[10] See Wait v. Florida Power Light Company, 372 So.2d 420
(Fla. 1979) (public records are open for public inspection unless the Legislature has exempted them from disclosure.)
[11] See City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971). Andsee s. 119.07(9), Fla. Stat., stating that "[a]n exemption from this section does not imply an exemption from s. 286.011. The exemption froms. 286.011 must be expressly provided." (e.s.)