Mr. Michael H. Olenick General Counsel Florida Department of Education 325 West Gaines Street Tallahassee, Florida 32399-0400
Dear Mr. Olenick:
You ask substantially the following question:
Is the Florida High School Activities Association, Inc., subject to the Government in the Sunshine Law?
In sum:
The Florida High School Activities Association, Inc., having been legislatively designated as the governing organization of athletics in Florida public schools, is subject to the Government in the Sunshine Law.
You state that the Florida High School Activities Association, Inc., (FHSAA) is a Florida not-for-profit corporation whose aim is:
"To promote, direct, supervise and regulate all interscholastic activities of high school students, whose schools are members, both athletic and non-athletic; to establish, maintain, and enforce such regulations as may be necessary to assure that all such activities shall be part of and contribute towards the entire educational program of the State of Florida; to cooperate closely with the State Department of Education in the development of activities programs; to promote the spirit of sportsmanship and fair play in all athletic contests; to safeguard the physical, mental, and moral welfare of high school students and protect them from exploitation."
The Florida Legislature has designated FHSAA as the governing nonprofit organization of athletics in Florida public schools so long as it meets the requirements of the act.[1] If it fails to do so, the Commissioner of Education is authorized to designate a nonprofit organization to govern athletics with the approval of the State Board of Education.
While section 232.60, Florida Statutes, provides that the organization is not a state agency as defined in section 120.52, Florida Statutes, the Auditor General is required to audit the organization's books and records.[2] Section 232.61, Florida Statutes, provides that the FHSAA shall establish eligibility requirements for all students who participate in high school athletic competitions. Section 232.433, Florida Statutes, states that FHSAA or its successor organization shall adopt statewide uniform safety standards for student cheerleaders and spirit groups that participate in any school activity or extracurricular student activity.
Pursuant to section 232.63, Florida Statutes, the board of directors of FHSAA shall be composed of fifteen members: four public member school representatives, four nonpublic member school representatives, two representatives appointed by the Commissioner of Education, two district school superintendents, two district school board members, and the Commissioner of Education or his or her designee. Thus, more than two-thirds of the membership of the organization's governing body is composed of public employees and officials.
Florida's Government in the Sunshine Law provides that all meetings of a board or commission of "any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times. . . ."[3] In determining which entities may be covered by the Sunshine Law, the courts have determined that it was the Legislature's intent to extend application of the law so as to bind every board or commission of the state, or of any county or political subdivision, over which it has dominion and control.[4]
The courts and this office, however, have recognized that private organizations that are not state or local government agencies or subject to the control of the Legislature and that do not serve in an advisory capacity to such agencies are not generally subject to section 286.011, Florida Statutes.[5] In determining whether a private organization is subject to the Sunshine Law, this office has generally reviewed all the factors relating to the relationship between the private entity and the public agency.
For example, in Attorney General Opinion 96-43 this office concluded that the Astronauts Memorial Foundation, Inc., was subject to the Sunshine Law. Although the foundation was not created by a public agency, nor were its directors appointed by any public agency, the Legislature specifically designated the foundation as the entity to carry out certain services and appropriated state funds for that purpose. Similarly, Attorney General Opinion 94-32 concluded that the Florida Windstorm Underwriting Association, which was created under a plan adopted by rule of the Department of Insurance and carried out a governmental function through a board supervised by the department, was subject to the Sunshine Law.
While the Legislature in 1997 designated FHSAA as the governing nonprofit organization of athletics in Florida public schools and provided for the structure, duties and responsibilities of the organization, prior to that time FHSAA had been supervising and coordinating high school athletic activities as well as other nonathletic activities. You have advised this office that two circuit court judges, in considering the activities of FHSAA at that time, concluded that the provisions of section 286.011, Florida Statutes, were applicable to FHSAA.[6]
I find nothing to change such a conclusion within the 1997 legislation statutorily designating FHSAA as the governing organization of athletics in Florida public schools. Rather, the statute appears to codify the role carried out by FHSAA on behalf of the state as the interscholastic athletic association. In addition, it requires that a majority of the board of directors are public officials or appointed by public officials, and specifies the structure, duties and responsibilities of the organization.
As a statute enacted for the public benefit, the Sunshine Law is to be liberally construed in order to give effect to its public purpose.[7] In light of the above, I am of the opinion that the Florida High School Athletic Association, Inc., is subject to the Government in the Sunshine Law, section 286.011, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 232.60, Fla. Stat.
[2] Id. and see, s. 232.44, Fla. Stat.
[3] Section 286.011(1), Fla. Stat.
[4] See, e.g., Times Publishing Company v. Williams,222 So.2d 470, 473 (Fla. 2d DCA 1969); City of Miami Beach v. Berns,245 So.2d 38 (Fla. 1971).
[5] See, e.g., Op. Att'y Gen. Fla. 83-1 (1983).
[6] See, Greg Anderson v. Florida High School ActivitiesAssociation, Inc., Case No. GC-G-4373 (Cir.Ct. Polk Co.); TempleBaptist Church, Inc. v. Florida High School ActivitiesAssociation, Inc., Case No. 86-3853 (Cir.Ct. Leon Co.).
[7] See, e.g., Board of Public Instruction of Broward County v.Doran, 224 So.2d 693 (Fla. 1969); Town of Palm Beach v. Gradison,296 So.2d 473 (Fla. 1974).