Dear Mr. Koch and Mr. Oliva:
The North Central Florida Health Planning Council, doing business under the name of WellFlorida Council, Inc., has requested the opinion of this office regarding the status of Florida health councils.[1]
This office has been advised by the Department of Health that it joins in the council's request for an opinion. The question presented to this office may be stated as follows:
Are local health councils which are provided for in section 408.033, Florida Statutes, subject to section 286.011, Florida Statutes, the Government in the Sunshine Law?
Florida's Government in the Sunshine Law, section 286.011, Florida Statutes, provides that all meetings of a board or commission of "any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision. . . at which official acts are to be taken are declared to be public meetings open to the public at all times[.]"[2] The Florida courts have recognized that the Sunshine Law is to be liberally construed to give effect to its public purpose.[3] In determining what entities are covered by the Sunshine Law, the Florida Supreme Court has stated that "[t]he Legislature intended to extend application of the `open meeting' concept so as to bind every `board or commission' of the state, or of any county or political subdivision over which [the Legislature] has dominion or control."[4]
Generally, however, the Government in the Sunshine Law does not apply to private organizations providing services to a state or local government, unless the private entity has been created by a public entity, there has been a delegation of the public entity's governmental functions, or the private organization plays an integral part in the decision-making process of the public entity. The courts of this state and this office have recognized that the mere receipt of public funds by a private corporation is not, by itself, enough to subject the organization to the open government requirements.[5] Similarly, a private corporation performing services for a public agency and receiving compensation for such services pursuant to a contract or otherwise is not, by virtue of that relationship alone, necessarily subject to section 286.011, Florida Statutes.
In determining whether a private organization is subject to the Sunshine Law, this office has generally reviewed all the factors relating to the relationship between the private entity and the public entity. For example, in Attorney General Opinion 92-80, this office stated that the board of directors of a nonprofit corporation created by statute, Enterprise Florida, Inc., was subject to the Sunshine Law. Membership on the board of directors of the corporation was statutorily prescribed as was the manner of appointment. The duties of the corporation were also prescribed by statute. Similarly in Attorney General Opinion 94-34 this office concluded that the Pace Property Finance Authority, Inc., a nonprofit corporation created by a county which prescribed its duties and appointed its initial board of directors, was subject to the requirements of section 286.011, Florida Statutes.[6] In both instances, the private organizations were created by, and subject to the dominion and control of, public entities.
More recently, in Attorney General Opinion 00-03, this office considered whether the Family Services Coalition, Inc., was subject to section 286.011, Florida Statutes. The sole function of the coalition, which was a nonprofit agency governed by a board of directors composed of member agencies, consumers and advocates, was to manage the provision of foster care services pursuant to a contract with the Department of Children and Families. This office concluded that the coalition, although a private entity not created by statute or by a public entity, had been delegated a public function and thus was subject to the provisions of the open government laws.[7]
Pursuant to Part I, Chapter 408, Florida Statutes, the state has been divided up into eleven "health service planning districts."[8] Section408.033(1)(a), Florida Statutes, establishes local health councils "as public or private nonprofit agencies serving the counties of a district." The statute prescribes the composition of the council's membership with members being appointed for a two-year term by the county commissions having jurisdiction in the respective district.[9]
Appointees must be representatives of health care providers, health care purchasers, and nongovernmental health care consumers, but not excluding elected government officials.[10]
Section 408.033(1)(b), Florida Statutes, prescribes the duties of a local health council, including the development of a district area health plan that permits each local health council to develop strategies and set priorities for implementation based on its unique local health needs.[11] The Department of Health is required to contract with the local health councils for the services specified in section408.033(1).[12]
In addition to being established pursuant to statute, local health councils play an integral role in the decision-making process of the Agency for Health Care Administration (AHCA) which is responsible for the coordinated planning of health care services within the state.[13]
For example, each local health council may advise AHCA on health care issues and resource allocations and provide AHCA with data required by rule for the review of certificate-of-need applications and the projection of need for health services and facilities in the district.[14] In addition, the councils may collect data and conduct analyses and studies related to health care needs of the district, including the needs of medically indigent persons, and assist AHCA and other state agencies in carrying out data collection activities that relate to the functions as prescribed therein.[15] Local health councils may also conduct public hearings pursuant to section408.039(3)(b), Florida Statutes, which concerns hearings on applications for certificates of need,[16] as well as monitor the onsite construction progress, if any, of certificate-of-need approved projects and report council findings to the agency on forms provided by the agency.[17] Furthermore, councils may, in conjunction with the Department of Health, plan for services at the local level for persons infected with the human immunodeficiency virus.[18]
Section 408.033(2)(a), Florida Statutes, states that the Legislature intends that the cost of local health councils be borne by assessments on selected health care facilities subject to facility licensure by the Agency for Health Care Administration. The agency is responsible for transferring such funds to the Department of Health for funding of the local health councils.[19] The department may withhold funds from a local health council or cancel its contract with a local health council which does not meet performance standards agreed upon by the department and local health councils.[20]
Notably, local health councils are included within the definition of "regional governmental entities," for purposes of the "Florida Governmental Conflict Resolution Act," sections 164.101-164.1061, Florida Statutes.[21] The act seeks to promote, protect, and improve the public health, safety, and welfare and to enhance intergovernmental coordination efforts by the creation of a governmental conflict resolution procedure that can provide an equitable, expeditious, effective, and inexpensive method for resolution of conflicts between and among local and regional governmental entities.
Thus, local health councils are established pursuant to statute, although they may exist as either a public or private nonprofit agency. The statute prescribes the manner of appointment of the council members by public officials, their terms of office and composition. The statute also sets forth the various duties and responsibilities of these councils, with provision for the Department of Health to enter into a contract with the councils for the performance of these duties. The local health councils play an integral role in the decision-making process of AHCA in carrying out its responsibility for the coordinated planning of health care services in the state. The costs of the councils are paid by assessments collected by the state, and the Department of Health may withhold funds from a council or cancel its contract if the council does not meet the performance standards agreed upon by the department and council. Moreover, local health councils are included within the definition of a regional governmental entity for purposes of the Florida Governmental Conflict Resolution Act.
In light of the above, I am of the opinion that local health councils are subject to the Government in the Sunshine Law, section 286.011, Florida Statutes.
Sincerely,
 Bill McCollum Attorney General
BM/tjw
[1] This office has been advised that the North Central Florida Health Planning Council is a private nonprofit 501(c)(3) organization located in Gainesville, Florida, and operates as a local health council as provided in section 408.033, Florida Statutes.
[2] Section 286.011(1), Fla. Stat.
[3] See, e.g., Wood v. Marston, 442 So. 2d 934 (Fla. 1983); Board ofPublic Instruction of Broward County v. Doran, 224 So. 2d 693 (Fla. 1969).
[4] City of Miami Beach v. Berns, 245 So. 2d 38, 40 (Fla. 1971).
[5] See Ops. Att'y Gen. Fla. 74-22 (1974) (local health-related commissions, councils, or agencies which are private, nonprofit organizations not subject to the control of the Legislature and which receive state or federal funds are not, by virtue of the receipt of public funds, subject to the Sunshine Law), and 80-45 (1980) (receipt of Medicare, Medicaid, government grants and loans, or similar funds by a private nonprofit hospital did not subject the hospital to the Sunshine Law). And see, McCoy Restaurants, Inc. v. City of Orlando,392 So. 2d 252 (Fla. 1980), stating that the airlines were not by virtue of their lease with the aviation authority subject to the Sunshine Law.
[6] See also Ops. Att'y Gen. Fla. 94-35 (1994) (meetings of the Board of Directors of Sunshine State One-Call of Florida, Inc., a nonprofit corporation created pursuant to statute, are subject to Sunshine Law); 97-17 (1997) (nonprofit corporation created by city redevelopment agency to assist in implementation of agency's plan subject to s. 286.011); 98-55 (1998) (meetings of board of directors of the Council on Aging of St. Lucie, Inc., a nonprofit organization incorporated pursuant to the Community Care for the Elderly Act must comply with the Sunshine Law) and 98-42 (1998) (Florida High School Activities Association, Inc., having been designated as the governing organization of athletics in Florida public schools is subject to the Sunshine Law). And see Op. Att'y Gen. Fla. 77-43 (1977) (committee appointed by a county bar association at the request of and delegated authority by a county school board to screen applicants for the position of school board attorney and to make recommendations to the school board for its consideration in the appointment of a school board attorney was subject to section 286.011, Florida Statutes).
[7] And see Ops. Att'y Gen. Fla. 98-55 (1998) (meetings of board of directors of the Council on Aging of St. Lucie, Inc., a nonprofit organization incorporated pursuant to the Community Care for the Elderly Act must comply with the Sunshine Law) and 98-42 (1998) (Florida High School Activities Association, Inc., having been designated as the governing organization of athletics in Florida public schools is subject to the Sunshine Law).
[8] See s. 408.032(5), Fla. Stat.
[9] Section 408.033(1)(a), Fla. Stat., provides that each county in a district is entitled to at least one member on the council with the balance of the council membership allocated among the counties of the district on the basis of population rounded to the nearest whole number; except that in a district composed of only two counties, no county shall have fewer than four members.
[10] Id. The statute requires that the members of the consumer group include a representative number of persons over 60 years of age and that a majority of council members shall consist of health care purchasers and health care consumers.
[11] See s. 408.033(1)(b)1., Fla. Stat., stating that a health care council may develop a district area health plan that permits each local health council to develop strategies and set priorities for implementation based on its unique local health needs.
[12] Section 408.033(3)(c), Fla. Stat.
[13] See s. 408.033(3)(a), Fla. Stat.
[14] See ss. 408.033(1)(b)2. and 11., Fla. Stat., respectively.
[15] Section 408.033(1)(b)4., Fla. Stat.
[16] Section 408.033(1)(b)5., Fla. Stat.
[17] Section 408.033(1)(c), Fla. Stat. Section 408.039(3)(b), Fla. Stat., provides that upon the request of an applicant or substantially affected person within 14 days after notice that an application has been filed, a public hearing may be held at the discretion of the Agency for Health Care Administration if the agency determines that a proposed project involves issues of great local public interest.
[18] Section 408.033(1)(b)9., Fla. Stat.
[19] Section 408.033(2)(f), Fla. Stat. And see s. 408.033(1)(g), Fla. Stat., providing that each local health council "shall, no later than January 30 of each year, render an accounting of the receipt and disbursement of such funds received by it to the Department of Health."
[20] Section 408.033(3)(c), Fla. Stat.
[21] Section 164.1031(2), Fla. Stat., defining "Regional governmental entities" to include "regional planning councils, metropolitan planning organizations, water supply authorities that include more than one county, local health councils, water management districts, and other regional entities that are authorized and created by general or special law that have duties or responsibilities extending beyond the jurisdiction of a single county." And see s. 186.503(7), Fla. Stat., defining "Local health council" for purposes of the Florida Regional Planning Council Act to mean a regional agency established pursuant to s. 408.033.